GRAHAM *v.* STATE.

(In Banc.   Nov. 8, 1943.)

[15 So. (2d) 478.   No. 35339.]

**Alexander & Satterfield**, of Jackson, for appellant.

**Greek L. Rice**, Attorney-General, by **W. D. Conn**, Assistant Attorney-General, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted for murder and convicted of the crime of manslaughter in the circuit court of Claiborne County, and sentenced to the penitentiary for a term of 15 years. From that judgment he prosecutes this appeal.

The evidence was sufficient to sustain a conviction of murder. The court gave the state a manslaughter instruction. It is argued on behalf of appellant that this action of the court was reversible error. As stated, there was a conviction of manslaughter. Appellant argues that we should go back to the case of Rester v. State, 110 Miss. 689, 70 So. 881, which held that on a trial for murder where the evidence was sufficient to convict of that crime and the evidence for the defendant, if believed, established a clear case of self-defense, it was error for the court to grant the state an instruction authorizing a verdict of manslaughter. That decision was expressly overruled in Calicoat v. State, 131 Miss. 169, 95 So. 318. Since the Calicoat decision it has been followed with approval in several cases, which are collected in the memo-

randum opinion in Bradford v. State (Miss.), 161 So. 138. The error is harmless. We decline to overrule these cases.

The rule was invoked. The sheriff, who was not under rule, was permitted to testify for the state over appellant's objection. It is argued that the judgment should be reversed on that account. This was a matter within the discretion of the trial judge. This court will not interfere with that discretion except where it has been manifestly abused, which is not true here. Sartorious v. State, 24 Miss. 602. We know of no other decision since that changing or modifying the rule.

There is not sufficient merit in the other questions argued on behalf of appellant to call for a decision by the court.

Affirmed.