BARNES *v.* STATE.

March 8, 1954

No. 39083 56 Adv. S. 1 70 So. 2d 920

*R. H. Dale,* Columbia, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The appellant, Stanley Barnes, was convicted in the Circuit Court of Marion County of the unlawful sale of intoxicating liquor, second offense. He was fined $600 and sentenced to serve six months in jail. The fine was $100 in excess of the maximum fine and the jail sentence was the maximum. Sec. 2613 (b), Code of 1942; Jenkins

v. State, 207 Miss. 281, 42 So. 2d 198. The imposition of the excessive fine was not assigned as error.

Appellant made a motion for a new trial on the ground that the trial judge had prejudged the penalty and was biased and prejudiced against the appellant because the appellant had employed as his lawyer, R. H. Dale, a brother of the trial judge.

On the hearing of the motion for a new trial, the proof showed that during the term of court when appellant was tried, and prior to the trial, the trial judge had a conversation with Sam Dale, another brother of the judge, with reference to R. H. Dale representing defendants in the circuit court. While Sam Dale was on the stand, the judge dictated the following statement into the record: "Let the record show that I said if your cases were tried by the jury and convicted without any recommendation from the jury they were going to get the maximum sentence, and I told you that also. Let the record show that and let it be a part of the record." This conversation between the judge and Sam Dale was shown to have taken place on the street and not in the presence of the jury.

The trial judge took the stand on hearing of the motion for a new trail, and, after being sworn, made a lengthy statement. He reviewed his criminal docket in detail. There were 63 criminal cases and he noted that his brother, R. H. Dale, represented 15 of the defendants. He analyzed the disposition of all the cases on the docket. The trial judge continued his sworn statement in which he said that he had tried to keep his brother from taking criminal cases in his court, and that his brother's representation of these defendants was embarrassing to him as judge; that it "put me on the spot." The judge then testified as follows: "I have appealed to my brother not to take any whiskey cases. I told him and I say quite frankly now so that all may hear and remember that if he takes a whiskey case in this court * * * and that

whiskey case results in a conviction without any recommendation by the jury, the penalty will be the maximum given by law.'' Then the judge stated that he never intentionally made any difference in his conduct and the handling of any case.

The error assigned was the refusal of the trial judge to grant a new trial and that the judge was disqualified because he had prejudged the sentence and was biased and prejudiced against the appellant.

One of the most important functions of the circuit judge in criminal cases is to determine the punishment of the accused. His actions in this regard are not reviewable on appeal. The legislature has given the trial judge wide latitude in meting out punishment of persons convicted of a crime. In the performance of this function the circuit judge has command of all the power and resources of the state to enforce his judgment. Such power should not be intransigently exercised; it should be exercised with calm objectivity without bias or prejudice. Prejudgment has no suitable place in the judicial mind. The inherent frailties of human nature make imperfect the search for truth and justice even when the judge gives his best to hold the balance even. Judicial power was never intended to be exercised to give effect to whims of the judge's will.

When the accused stood before the bar of judgment, he may, or may not, have been entitled to mercy; he was entitled to have the judge contemplate mercy. There may, or may not, have been mitigating circumstances; but the accused was entitled to have an independent and unbiased judicial mind consider any existing elements affecting the accused and the public.

On the hearing of the motion for a new trial, the appellant attempted to show that the trial judge by gestures and expressions attempted to influence the jury. For the purposes of this opinion, we assume that the jury was not improperly influenced by the trial judge. We

do, however, approve the language of this Court in the case of Green v. State, 97 Miss. 834, 53 So. 415, as follows:

"It is a matter of common knowledge that jurors, as well as officers in attendance upon court, are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to his language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury, to avoid prejudice to either party. 21 Ency. P. & P. 994, 995, and notes. The court will not stop to inquire whether the jury were actually influenced by the conduct of the judge. All the authorities hold that if they were exposed to improper influences, which might have produced the verdict, the presumption of law is against its purity; and testimony will not be heard to rebut this presumption. It is a conclusive presumption."

 It is obvious from the record that the trial judge was embarrassed by his brother, R. H. Dale, appearing in his court representing defendants in criminal cases, particularly whiskey cases. He evidently decided that if he punished to the limit of the law all defendants represented by his brother, that he would prevent or discourage defendants from employing R. H. Dale. Whatever motivated the judge, and however salutary his course of action might have seemed to the judge, his method was misguided and constituted a denial of a fair trial to the accused in this case. The trial judge should have recused himself and allowed the Governor to appoint a special judge as provided by Section 165 of the Constitution. The accused was denied a fair and impartial trial to which he was entitled.

Reversed and remanded.

*Roberds, P. J.*, and *Hall, Kyle* and *Holmes, JJ.*, concur.