WEST *v.* STATE

No. 40887 June 9, 1958 103 So. 2d 437

*W. I. Stone,* Coffeeville, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Thurman (Hootie) West, was jointly indicted with Tom Elton Jones and Orris Bell for the murder of Henry Lee (Bill) Robinson. Severance was granted and the appellant was tried and convicted of manslaughter and sentenced to ten years in the State Penitentiary, from which judgment he appeals.

The evidence on the part of the State discloses that Jones, Bell and the appellant were at the home of Robinson when trouble developed between Jones, Bell and the deceased; that Bell requested the appellant, who had an automobile, to take him home to get his gun and that he was coming back and kill Robinson; that they picked up Jones and he also went to get his gun; that the appellant said "if he was use he wouldn't take that." The evidence shows that the appellant drove them to the home of Bell, which was about four miles distant; that Jones got out of the car and went to his home some distance away and got his gun, which, according to the evidence, took him about fifteen or twenty minutes; that they got in the car and the appellant drove them to approximately 400 yards of Robinson's home where they got out and proceeded to the home of Robinson and killed him.

Jones testified on the part of the State that he killed Robinson and was tried and convicted of murder and sentenced to life imprisonment. Bell testified that he pleaded guilty to murder.

Mr. Alexander, the Sheriff of Chickasaw County, testified that the appellant made a confession which was free and voluntary and in the confession he said that Bell asked him to take him home to get his gun, that he was coming back and kill Robinson; that they picked up Jones and that both of them, upon reaching their homes, obtained guns for the purpose, and the appellant then returned them to a place approximately 400 yards from the home of Robinson. Mr. Lowery, a deputy sheriff, who was present when the confession was made, testified to the same effect. .

The appellant did not testify in his own behalf, neither did he testify upon the preliminary inquiry in the absence of the jury as to the admissibility of the confession. One William Slaughter, who was present in the home of the deceased on the night when the trouble started, testified on behalf of the appellant that he was in the car with Bell and Jones and the appellant when they drove

to the home of Bell and that Bell and Jones got their rifles and ordered the appellant to carry them back so that they could kill Robinson.

 ██ The appellant first argues that the acts and conduct of the appellant West were not sufficient to make him guilty of murder or any crime. He also assigns as error the instruction obtained by the State, which, in part, tells the jury that if they believe from all the evidence in this case beyond a reasonable doubt that Jones murdered Robinson, the deceased, and if they further believe that the appellant voluntarily, without being forced or coerced transported Bell and Jones in his automobile several miles to the homes of Bell and Jones where they secured rifles, and knowing full well at the time that Bell and Jones intended and designed to murder Robinson, and aiding and assisting and encouraging therein, that the appellant was guilty as charged. We find no reversible error in the granting of this instruction under the facts in this case.

The appellant was indicted and tried under Section 1995, Mississippi Code of 1942, which reads as follows:

''Every person who shall be an accessory to any felon, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.''

 ██ The evidence on the part of the State shows that the appellant aided, assisted and encouraged the murder. Dean v. State, 85 Miss. 40; Wynn v. State, 63 Miss. 260; Walters v. State, 218 Miss. 166, 65 So. 2d 465; Noble v. State, 221 Miss. 339, 72 So. 2d 687; Goss v. State, 205 Miss. 177, 38 So. 2d 700. ██ ''Aiding and abetting involves some participation in the criminal act'' and this may ''be evidenced by some 'word, act, or deed.' '' 22 C. J. S., Criminal Law, Section 88, pp. 158-159. Gibbs v. State, 223 Miss. 1, 77 So. 2d 705.

■ ■ The appellant argues that the court erred in granting to the State the manslaughter instruction. Prior to the decision of Calicoat v. State, 131 Miss. 169, 95 So. 318, counsel would be correct in his contention, however, since that time it has been held in a large number of cases that where a defendant was convicted of manslaughter upon an instruction granted by the state to that effect and the evidence would have justified a conviction of murder, the instruction on manslaughter, even if not authorized by the evidence, was not reversible error. Graham v. State, 195 Miss. 291, 15 So. 2d 478. In the case of Bradford v. State, 161 So. 138, the Court cited a long list of cases upon the identical question here presented.

■ ■ The appellant also assigns as error that the court erred in refusing the appellant the following instruction: ''The court instructs the jury that Thurman (Hootie) West is charged by the indictment with the killing of the deceased of his malice aforethought, and did kill him with a certain gun, a deadly weapon. Unless the state has proved the said charge beyond all reasonable doubt, the jury will find the defendant not guilty.''

This instruction was properly refused for the reason that it is not supported by the evidence and for the further reason the instruction is contrary to the provisions of the statute, supra. Wages v. State, 210 Miss. 187, 49 So. 2d 246. We are of the opinion that the appellant received a fair and impartial trial and the judgment is affirmed.

Affirmed.

*Roberds, P. J.*, and *Kyle, Ethridge* and *Gillespie, JJ.*, concur.