239 So.2d 911 (1970)
William Lee PRYOR
v.
STATE of Mississippi.
No. 45828.
Supreme Court of Mississippi.
September 28, 1970.
John David Pennebaker, W.L. McDonough, New Albany, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant, William Lee Pryor, was indicted, tried and convicted of the crime of armed robbery in the Circuit Court of Union County, Mississippi, and was sentenced to serve a term of fifteen (15) years in the state penitentiary. He has appealed to this Court and contends here that he should have been granted a directed verdict of acquittal.
The evidence in the record shows that three young Negro boys, Eugene Miller, Andrew Milsap and the appellant, William Lee Pryor, drove from Kansas City to Tupelo, Mississippi, to visit Milsap's aunt. Milsap and Miller slept in the home of Milsap's aunt, but the appellant slept in the automobile. They drove to New Albany to visit a cousin of Milsap. They parked the automobile on Highway 78 some distance south of Littlejohn's Grocery. Milsap and Miller left the appellant in the automobile and went to the Littlejohn grocery store. They made some effort to buy food and then robbed Mr. Littlejohn with the use of a firearm. They then rushed back to the automobile and drove away but were apprehended by a highway patrolman.
The prosecution obtained, and read to the jury, the "don't have to know guilt" instruction. In the instant case this instruction is couched in the following language:
"The Court instructs the jury for the State of Mississippi that you do not have *912 to know that the defendant is guilty before you can convict him. It is only necessary that you should believe from the evidence, beyond a reasonable doubt, and to the exclusion of very other reasonable hypothesis, that he is guilty, and if you do so believe from all of the evidence, beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis, that the defendant is guilty, then it is your sworn duty to so find."
This Court has condemned this instruction many times, Pieratt v. State, 235 So.2d 923 (Miss. 1970); Carroll v. State, 215 So.2d 871 (Miss. 1968), but the State has continued to use it, and finally, in an effort to stamp out this unfair practice, we have decided to require a new trial in this case because this instruction was used.
The case now before the Court is a good example of the unfairness of this instruction since it is now being used in a circumstantial evidence case.
The case must be reversed because of the foregoing instruction. The problem we have here is whether or not a new trial should be required or whether the defendant should be discharged for lack of evidence sufficient to establish guilt.
The appellant contends that he had been drinking intoxicants and was asleep at the time of the robbery and knew nothing about what had occurred until they were arrested by the highway patrolman. The State, however, contends that the defendant was guilty within the meaning of Section 1995, Mississippi Code 1942 Annotated (1956), which is as follows:
"Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."
The Attorney General argues that "a conviction of armed robbery under that statute requires evidence sufficiently clear and convincing to satisfy the jury beyond every reasonable doubt that the crime charged had actually been committed and that the appellant had aided and abetted in its commission."
The brief filed by the State recognizes that it was necessary to prove that the defendant "aided and abetted in the commission of the crime." The case of West v. State, 233 Miss. 730, 103 So.2d 437 (1958), is cited wherein this Court said:
"* * * `Aiding and abetting involves some participation in the criminal act' and this may `be evidenced by some "word, act, or deed."' * * *." (233 Miss. at 733, 103 So.2d at 439)
What word, act or deed is shown by the testimony that connects the defendant with the commission of the crime? It is not shown that the defendant knew a crime was about to be committed. Fred Sloan saw them all sitting in the front seat of the automobile with their hands together. When Mr. Clyde Langford saw them  or people he thought to be them  at his service station, two were in the front seat and one was in the back seat. After the robbery he saw the same people pass his service station, two in front and one in the back. He said they were all sitting up. After the robbery Mr. Robert Robertson saw Lee Pryor "get out of the automobile and crawl into the back seat." All of the foregoing acts are circumstances from which the State attempted to infer that the defendant was a "get-away driver." There is no showing that the defendant drove by to pick up the others after the robbery.
The defendant and both of his co-indictees testified that he took no part in the robbery and knew nothing about it until they were arrested. The defendant denied that he was in the front seat of the automobile at any time and said that he never at any time "got behind the wheel." Guilt by mere association is not a concept of criminal law in this state. Matula v. State, 220 So.2d 833 (Miss. 1969).
*913 All the evidence on which the State seeks to base a verdict of guilty is circumstantial. In order for circumstantial evidence to rise to that degree of proof necessary to establish a fact above mere suspicion it must be such as to exclude every other reasonable hypothesis than that of guilt. Love v. State, 208 So.2d 755 (Miss. 1968); Westbrook v. State, 202 Miss. 426, 32 So.2d 251 (1947).
We are of the opinion that, assuming everything testified by the witnesses for the State to be true, there still remains a reasonable hypothesis that the defendant did not, in fact, aid and abet in the commission of the crime for which he is charged. The trial judge should have sustained the motion in which the defendant requested a directed verdict. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965).
Reversed and defendant discharged.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.