JONES, Justice.
Appellant was indicted in the Circuit Court of Hinds County, Mississippi, at the November 1968 term for forging and uttering a check for $200. He was tried on this indictment in the same court and convicted on the seventh day of January, 1969. His sentence was nine years. He appeals. We affirm.
The errors assigned are: (1) The sentence of nine years was excessive; (2) The court erred in overruling objections to admission in evidence of proof of defendant’s prior convictions; (3) The court erred in granting a certain instruction for the state and refusing one for the defendant.
Appellant’s argument is that the sentence of nine years was excessive and constituted cruel and unusual punishment. The sentence was upon a conviction of forging a check for the sum of $200.
Section 2187 of the Mississippi Code 1942 Annotated (1956) fixes the punishment for a conviction of forgery as imprisonment in the penitentiary for a term of not less than two nor more than fifteen years. A sentence between these two limits is within the discretion of the court. We have held in more than one case that the fixing of punishment was one of the most important functions of the circuit judge in criminal cases and that his actions in this regard are not reviewable on appeal. Crapps v. State, 221 So.2d 722 (Miss.1969); Barnes v. State, 220 Miss. 248, 70 So.2d 920 (1954). The court did feel in the Crapps case that a sentence of nine years for forging a $43 check upon a conviction which was founded upon testimony at best weak, was excessive; the court did not reverse on this issue.
In the instant case, there was strong un-impeached testimony by two eyewitnesses *831 that the defendant was the one who cashed the check.
As to the admission of evidence of appellant’s prior convictions, Section 1693 of the Mississippi Code 1942 Annotated (1956) provides that any witness may be examined touching his interest in the cause or his conviction of any crime and his answers may be contradicted, and his interest or conviction of a crime established by other evidence.
The purpose of showing such convictions as announced in Simmons v. State, 241 Miss. 481, 130 So.2d 860 (1961), is to discredit the witness. In Breland v. State, 221 Miss. 371, 73 So.2d 267 (1954), it was held that convictions of misdemeanors may be shown. Appellant cites the Federal case of Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) in support of his position as to the introduction of appellant’s prior convictions. In the Burgett case the prior conviction was admitted into testimony. The Supreme Court there held that the prior conviction was shown to have been obtained in violation of law and stated that to permit such a conviction to be introduced against a person either to support guilt or enhance punishment for another offense is to erode the principles of the Gideon case. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963). In other words as we understand the conviction, there sought to be introduced, was an invalid one. There was no evidence of any kind as to the invalidity of the convictions introduced in the instant case.
The last point argued concerned the instructions granted the state and refused the defendant.
Instruction No. 1 granted the state reads as follows:
The Court instructs the Jury for the State that you do not have to know that the Defendant is guilty of the crime with which he is is charged before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that he is guilty of the crime charged in the indictment and if you so believe, then it will be your sworn duty to find the Defendant guilty as charged.
Appellant objects to this instruction on two grounds. First it is claimed that where the instruction refers to the indictment, and that this is reversible error, citing the case of Wilson v. State, 204 Miss. 111, 37 So.2d 19 (1948) as authority therefor.
In the Wilson case there was no other instruction defining the crime and setting out the elements thereof. In this case instruction No. 2 granted the state set out the elements of the crime with which the appellant was charged.
The other objection arises from the decision of this Court in Pryor v. State, 239 So.2d 911 (Miss.1970), where this Court reversed because of the instruction quoted above. As the Court stated in the Pryor case, this instruction had been condemned a number of times by this Court. The Court finally decided that it would reverse because the instruction was particularly unfair in a case of circumstantial evidence. Since the Pryor case was decided, this Court had decided the case of Frederick W. Nobles, Jr. v. State, 241 So.2d 826 (the opinion being delivered simultaneously with this opinion). In the Nobles case this Court in discussing the Pryor case held that the rule condemning the “don’t have to know” instruction will not be considered to be retroactive, but where the instruction has been used in the circuit court after September 28, 1970 (the date of Pryor), the rule in Pryor v. State is applicable and is reversible error.
Since the instant case was tried and the instruction used in the court prior to the decision of the Pryor case, the Pryor case is inapplicable. We hold that it is not a reversible error in a case such as this, *832 which is not a case of circumstantial evidence. The court refused the defendant the following- instruction:
The Court instructs the jury for the defendant, that even though you may believe that the defendant may be guilty of a crime, which crime is not the one charged to the defendant in this indictment, and at the same time after having heard all the evidence you believe under your oaths that the State of Mississippi has failed to prove every material allegation as set out in this indictment of Forgery, then under your oaths you must return a verdict of “NOT GUILTY” as to the defendant, as he is charged before you now.
There was no error in the refusal of this instruction.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY, and INZER, JJ., concur.