BRADY, Justice:
This is an appeal from the Circuit Court of Winston County, Mississippi, wherein the appellant, R. W. Boydstun, Jr., was found guilty of direct contempt of court and was sentenced to serve a term of thirty days in the Winston County jail. From that judgment this appeal is taken.
On July 15, 1970, the appellant, a member of the Winston County Bar, appeared before the Circuit Court of Winston County, Mississippi, acting as his own attorney, in regards to an appeal from a plea of not guilty in a justice of the peace court to the offense of improper parking on a public thoroughfare. The appellant first filed and presented a motion to dismiss the cause, and after this was overruled the appellant presented a second instrument in his personal handwriting which was styled, “Motion for the Honorable Circuit Judge to Recuse Himself.” This motion contained the following:
1. Said Judge has exhibited strong personal animosity toward Defendant and cannot give Defendant a fair trial.
2. The prosecuting witness, Sheriff Fred Sloan, and District Attorney G. Jyles Eaves, who took an overly active part in the recent campaign for reelection of the Honorable Judge Perry and the said Judge made a statement to the Grand Jury in the presence of all petit jurors to the effect that Fred Sloan is the greatest sheriff he has ever known.
The circuit judge then informed the appellant that the motion contained language and statements which were contemptuous and announced to the appellant that he would have opportunity to prove or explain the statement or he would be held in contempt and sentenced for the contempt.
The appellant then requested that he be allowed to amend his motion and the court granted permission for him to file anything further that he desired. The appellant then seated himself in the courtroom and in his own handwriting prepared and presented an amended motion styled, “Amendment for Motion for Judge to Re-cuse Himself from Hearing Said Cause.” This motion, as the one preceding it, was duly filed by the circuit clerk on July 15, 1970. This amended motion contained a further reference to the statement attributed to the circuit judge in his address to the grand jury to the effect “that you have one of the best, if not the best, sheriff in the State of Mississippi,” which statement the appellant claims he transcribed during the presentation some three days before and was now directly quoting from those notes. The circuit judge claimed that the statement was correct but for the addition of the phrase, “if not the best,” and cautioned the appellant that his motion was grounded in hearsay and not in fact. Appellant was unable to get any witnesses to testify who may have heard the statement as he had recalled it, though there were some thirty trial jurors, twenty grand jurors and other spectators, witnesses, members of the bar and officers of the court present at the time the statement was made by the court.
The appellant then stated that the motion to recuse was handed to the judge personally without publicity, and that no contempt was intended and reiterated his feelings that “the court had a certain amount of animosity toward the defendant.” The district attorney then made a statement, which was transcribed by the court reporter, that the appellant had made statements inconsistent with the judge’s remarks complained of and had failed to explain these inconsistent statements.
The circuit judge then stated that the appellant’s offer to apologize, which was included in the amended handwritten motion for the judge to recuse himself, was totally inconsistent with the latest state *734 ments made by the appellant which did, in fact, compound the contempt. The judge then found R. W. Boydstun, Jr. to be in direct contempt and sentenced him to a term of thirty days in the Winston County jail. From that judgment and sentence this appeal is taken.
The appellant assigns as error that the Honorable Circuit Judge of the trial court erred in his holding that any of the language or matter contained in the motion of the defendant for the Honorable Judge to recuse himself was contemptuous, and in adjudging the defendant to be in contempt of court and sentencing him to serve thirty days in the Winston County jail.
Section 165 of the Mississippi Constitution which deals with matters coming before a circuit court judge for which he should recuse himself states in part as follows :
No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties. * * *
Although Mississippi Code 1942 Annotated section 1152 (1956) requires that “all such appeals shall be tried on the record * * which we have followed in this cause, nevertheless we also take judicial knowledge of that which is common knowledge and which has transpired in the circuit and supreme courts of this state. We note that there have been or are now pending in the circuit courts, federal court of the northern district of Mississippi and in this Court matters involving litigation relating to the Circuit Judge of Winston County and this appellant.
It is the opinion of this Court that, although the trial judge may properly rule on his own disqualification to hear a case, nevertheless in this specific instance where this particular appellant is a party to the litigation before this particular circuit judge, the circuit judge should have recused himself because of the ill will and animosity exhibited by both parties, which possibly stems primarily from appellant’s unsuccessful attempt to defeat the present circuit judge. Barnes v. State, 220 Miss. 248, 70 So.2d 920 (1954). It is the opinion of this Court that this particular situation falls within the meaning of the phrase in section 165 of the Mississippi Constitution, to-wit: “[0]r where he may be interested in the same.” It is further the opinion of this Court that from the record, the motion to recuse, and the amendment thereto, sufficient proof is wanting to merit a contempt judgment. The wording of the appellant’s motion that the circuit judge re-cuse himself under the well established circumstances, in the opinion of this Court is not sufficient to bring it under the decision in Ex Parte Redmond, 156 Miss. 582, 126 So. 485 (1930). Even though the motion to recuse may not have been well taken, it would not have constituted a direct contempt.
While these proceedings took place only before the court, the circuit clerk, the sheriff and the district attorney, nevertheless such grievous episodes of this nature are not calculated to generate public respect for the bar or bench. Fortunately most lawyers and judges in this state treat each other with respect, and decorum prevails in our temples of justice. This opinion does not in any manner inhibit trial judges and chancellors from the exercise of the duty and right to see that their respective courts are operated with dignity and decorum.
For the foregoing reasons the judgment of the circuit court is reversed and the appellant is discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and JONES, PATTERSON and SMITH, JJ., concur.