249 So.2d 411 (1971)
R.W. BOYDSTUN, Jr.
v.
STATE.
No. 46397.
Supreme Court of Mississippi.
June 7, 1971.
R.W. Boydstun, Jr., Louisville, A.S. Scott, Jr., Laurel, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
*412 SMITH, Justice:
Appellant, R.W. Boydstun, Jr., was indicted for criminal libel. He was tried and convicted in the Circuit Court of Calhoun County and was sentenced to pay a fine of $500 and serve a term of 6 months in the county jail. From that conviction and sentence he has appealed.
Numerous matters are assigned as error requiring reversal. However, the threshold issue is whether publication of the matter set out in the indictment constituted a criminal offense, either as defined by statute or by the common law of the State.
It appears from the evidence that the allegedly libelous matter which forms the basis of the indictment was contained in an advertisement inserted in a newspaper by appellant in the course of his campaign as a candidate for a judicial office. Appellant's opponent, against whom the statements were directed, was the incumbent who had held the office for some 11 years. In the advertisement, appellant charged that his opponent was unfit to hold the office and attacked in detail both his fairness and integrity.
In recent years decisions of the United States Supreme Court have wrought many changes in the law of libel. In the course of an opinion of this Court, delivered in Reaves v. Foster, 200 So.2d 453 (Miss. 1967), there appears this statement, which although probably falling within the category of dicta, nevertheless contains much of substance. We said: "The Federal courts have preempted the field of libel and slander. * * *"
The United States Supreme Court, in several cases decided in recent years, both civil and criminal, has taken the position that the First Amendment of the Constitution of the United States was made applicable to the States by the Fourteenth Amendment. In these cases the United States Supreme Court has imposed strictures severely limiting both the civil and criminal liability of publishers of a defamatory matter. Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) involved the prosecution for libel of a district attorney for issuing at a press conference called by him, certain allegedly false and defamatory statements reflecting upon the character, integrity and official conduct of certain judges. Garrison was tried and convicted. The statements made by Garrison castigated the conduct of the judges, and, among other things, charged them with inefficiency, laziness and with being sympathetic to organized vice and as being subservient to "racketeer influence." In reversing the conviction, the United States Supreme Court said:
We do not think, however, that appellant's statement may be considered as *413 one constituting only a purely private defamation. The accusation concerned the judges' conduct of the business of the Criminal District Court. Of course, any criticism of the manner in which a public official performs his duties will tend to affect his private, as well as his public, reputation. The New York Times rule is not rendered inapplicable merely because an official's private reputation, as well as his public reputation, is harmed. The public-official rule protects the paramount public interest in a free flow of information to the people concerning public officials, their servants. To this end, anything which might touch on an official's fitness for office is relevant. Few personal attributes are more germane to fitness for office than dishonesty, malfeasance, or improper motivation, even though these characteristics may also affect the official's private character. As the Kansas Supreme Court said in Coleman v. MacLennan, speaking of candidates:
`Manifestly a candidate must surrender to public scrutiny and discussion so much of his private character as affects his fitness for office, and the liberal rule requires no more. But in measuring the extent of a candidate's profert of character it should always be remembered that the people have good authority for believing that grapes do not grow on thorns nor figs on thistles.' 78 Kan. 711, 739, 98 P. 281, 291 (1908).
In the more recent case of Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966), Ashton had been convicted of libel as the result of charges contained in a pamphlet printed and distributed by him. The conviction was under the common law of Kentucky. The allegedly libelous statements were directed at a chief of police, the high sheriff and an owner of a newspaper and reflected upon both their private and professional characters. The United States Supreme Court reversed Ashton's conviction. The conviction had been affirmed previously by the Kentucky Court of Appeals with three judges dissenting. The United States Supreme Court, in reversing said:
We agree with the dissenters in the [Kentucky] Court of Appeals who stated that: `* * * since the English common law of criminal libel is inconsistent with constitutional provisions, and since no Kentucky case has redefined the crime in understandable terms, and since the law must be made on a case to case basis, the elements of the crime are so indefinite and uncertain that it should not be enforced as a penal offense in Kentucky.'
The Court concluded:
Here, as in the cases discussed above, we deal with First Amendment rights. Vague laws in any area suffer a constitutional infirmity. When First Amendment rights are involved, we look even more closely lest, under the guise of regulating conduct that is reachable by the police power, freedom of speech or of the press suffer. We said in Cantwell v. Connecticut, supra, that such a law must be `narrowly drawn to prevent the supposed evil,' 310 U.S. [296] at 307, 60 S.Ct. [900] at 905, 84 L.Ed. [1213] at 1220, 128 A.L.R. 1352, and that a conviction for an utterance `based on a common law concept of the most general and undefined nature,' id., at 308, 60 S.Ct. at 905, 84 L.Ed. at 1220, 128 A.L.R. 1352, could not stand.
On the present appeal, the State argues that Mississippi Code 1942 Annotated section 2268 (1956) makes it a crime to publish "any libel." Manifestly, section 2268 does not purport to define the crime of libel but deals exclusively with punishment.
No case in Mississippi has dealt with a prosecution for criminal libel since the decision in Oakes v. State, 98 Miss. 80, 54 So. 79 (1910), wherein the conviction was reversed and the case remanded for a new *414 trial. Consequently, Mississippi is in the same position as that of Kentucky in the Ashton case. No Mississippi case "has redefined the crime in understandable terms, and since the law must be made on a case to case basis, the elements of the crime are so indefinite and uncertain that it should not be enforced as a penal offense. * * *" More especially, there have been no cases in this State defining criminal libel since the United States Supreme Court has held that the First Amendment was made applicable to the States by the Fourteenth Amendment.
Since Mississippi has no statute defining the crime of libel, and since common law can neither be made instantaneously nor retroactively, the problem is one which must be dealt with, if at all, by the Legislature, and within the constitutional limits imposed by the decisions of the United States Supreme Court. State decisions antedating those cases can no longer be regarded as authoritative to the extent that they transgress the Federal rule. As stated in Reaves v. Foster, supra, "we are required to follow the Supreme Court of the United States."
Therefore, we do not reach, and are not confronted with the necessity of deciding questions relating to appellant's motivation or as to the truth or falsity of his charges. That they were, in any event, ineffectual and failed to destroy public confidence in his opponent, is evidenced by the fact that appellant was overwhelmingly defeated, his opponent having received more than 90 percent of the vote.
The conviction of the appellant must be reversed and the appellant discharged.
Reversed and the appellant discharged.
ETHRIDGE, C.J., GILLESPIE, P.J., and PATTERSON and ROBERTSON, JJ., concur.