GILLESPIE, Chief Justice:
R. W. Boydstun, tried in the Circuit Court of Winston County by Circuit Judge Marshall Perry on a charge of constructive contempt, was found guilty and fined $500 and sentenced to ninety days in jail. Boyd-stun appealed. This is the third case to reach this Court arising directly or indirectly out of an election between Judge Marshall Perry, the incumbent circuit judge of the Fifth Circuit Court District, and R. W. Boydstun. Boydstun v. State, 249 So.2d 411 (Miss.1971) ; Boydstun v. State, 244 So.2d 732 (Miss.1971).
Boydstun and two or three other unidentified persons were in the corridor next to the courtroom in Louisville, Mississippi, and near where the grand jury was in session. One of the unidentified persons asked Boydstun, “What is going on in the courtroom ? ” And Boydstun replied, “Everything but justice.” This is one of the principal facts on which the conviction of contempt rests. During the election campaign Boydstun uttered and published many statements about his opponent, Judge Perry. He charged Judge Perry with being arbitrary, with lying about Boydstun, and attacked Judge Perry’s fitness and integrity, charged him with favoritism, and made various other similar uncomplimentary and derogatory statements. The question is whether Boydstun’s statements constituted contempt of court.
Constructive contempt is “[A]ny act calculated to impede, embarrass, obstruct, defeat or corrupt the administration of courts of justice, when the act is done beyond the presence of the court.” Jones v. State, 208 Miss. 762, 45 So.2d 576 (1950). The word “embarrass” in this context does not refer to personal embarrassment of the judge or officer of the court, but to hindering or impeding him. Knox v. State, 160 Miss. 494, 135 So. 206 (1931). Constructive contempt is not an abstraction, it must subvert justice. Sullens v. State, 191 Miss. 856, 4 So.2d 356 (1941).
Boydstun’s statements were not made in the courtroom; they did not involve insults to the court as such, nor the keeping of the peace and order in and about the courtroom, nor the enforcing of a judgment, nor the tampering with witnesses or jurors.
The authority of trial courts to punish as for contempt for failure to obey its orders and conduct its affairs in an orderly manner is fully, recognized by the decisions of this Court. But punishment for criticism of a judge, especially in a political campaign, is a different matter.
Early in its history this Court reversed a judgment punishing a newspaper editor for criticising the circuit judge. Ex parte Walter Hickey, 12 Miss. (4 S. & M.) 751 (1845). In Hickey, the offending editorial published in a daily newspaper concerned the failure of the circuit judge to jail a person indicted for murder. It denounced the judge as follows: “Having disregarded his oath of office, and failed to execute the laws, Judge Coalter deserves to be hurled from a seat he desecrates, and brought as a criminal abettor of murder to the bar, to answer for his crimes.” (12 Miss. at 752). This Court has never upheld a conviction for constructive contempt for criticism of a judge or court outside the presence of the court where there was no interference with the administration of justice. In other words mere criticism, however harsh and unjustified, is not punishable as for contempt.
The power of courts to punish its critics as for contempt has been viewed by the people with jealousy. But the courts have met no opposition to the resort to punishment for contempt in the enforcement of decrees and orders, the maintenance of peace and decorum in and about the court *709 room, and the subversion of the judicial function by interference with its processes in or out of the courtroom. This is reflected in the legislative history of this State. Mississippi Code 1942 Annotated section 1278 (1956) gives the chancery courts unlimited power to punish for any breach of an injunction, order or decree. But in general the power of all courts to punish for contempt is limited to a $100 fine and thirty days’ imprisonment. Miss. Code 1942 Ann. § 1656 (1956). All persons convicted of contempt may appeal with supersedeas with a nominal bond of $300 and the statute provides that the Supreme Court is, in effect, the trier of fact and determines not only guilt but the amount of punishment. Miss.Code 1942 Ann. § 1152 (1956).
Courts have the power to punish for contempt as a matter of necessity in order to keep peace and order and proper decorum in its area of operation, to protect its judges, officers, litigants, witnesses and all parties concerned in the administration of the laws, and to enforce its orders and judgments. This necessity does not apply to criticism, however harsh, when said or published elsewhere than in court and which does not subvert justice.
This theory of the law of necessity, as applicable to the punishment for contempt for newspaper publications, is flatly contradicted by the facts of history. The Supreme Court of the United States has never exercised, or attempted to exercise such a power, though it has, at times, for one hundred years or more, been vilified, abused and libeled in an outrageous manner. It has been libelously criticised by the public press for its decisions in the National Bank cases, the Dartmouth College case, the Dred Scott case, the Reconstruction cases, the Legal Tender cases, and we all remember the vituperative and libelous attacks, made by the press and many public speakers, upon that high tribunal for its decisions in the Income Tax and Insular cases; and yet the court remained silent and passive; but it still exists in all its vigor. [Thomas, The Law of Constructive Contempt, p. 69 (1904)].
Punishment for criticism of judges or courts is not justified on the ground that criticism destroys respect for and confidence in the courts. Respect for courts is that voluntary esteem the public has for judicial rectitude. Punishment for contempt will not insure or preserve respect, for it cannot be compelled.
There is no proof showing that Boydstun’s statements were calculated to have any real and substantial tendency to impede the administration of the court. Considered in the light of the constitutional guarantees of freedom of speech we hold the evidence insufficient to sustain the judgment in this case. Evers v. State, 241 Miss. 560, 131 So.2d 653 (1961).
Reversed and defendant discharged.
JONES, BRADY, INZER and SUGG, JJ., concur.