**R. W. BOYDSTUN, Jr., Plaintiff,**

v.

**Marshall PERRY et al., Defendants.**

**No. EC 72-112.**

United States District Court,
N. D. Mississippi, E. D.

May 15, 1973.

---

R. W. Boydstun, Jr., Louisville, Miss., for plaintiff.

G. Jyles Eaves, Louisville, Miss., Henry L. Lackey, Calhoun City, Miss., William A. Allain, First Asst. Atty. Gen., State of Mississippi, Jackson, Miss., Talmadge Littlejohn, New Albany, Miss., for defendants.

## MEMORANDUM OF OPINION

ORMA R. SMITH, District Judge.

This action forms another chapter in an ongoing saga which the Mississippi Supreme Court has characterized as "grievous episodes . . . not calculated to generate public respect for the bar or bench." Boydstun v. State, 244 So.2d 732, 734 (Miss.1971). See also, Boydstun v. Perry, 249 So.2d 661 (Miss. 1971); Boydstun v. State, 249 So.2d 411 (Miss.1971).

R. W. Boydstun, the plaintiff, is an attorney and businessman in Louisville, Winston County, Mississippi. The defendants are various judicial, quasi-judicial, and law enforcement officials whose jurisdictional districts encompass Winston and Grenada counties: Honorable Marshall Perry and Honorable W. W. Brown are circuit judges; Jyles Eaves and Talmadge Littlejohn are district attorneys; Fred Sloan and Jesse Strider are sheriffs. The defendants are alleged to have unlawfully deprived and conspired to deprive the plaintiff of federally secured rights under color of state law. 42 U.S.C.A. §§ 1983, 1985.

The action is presently before the court upon the defendants' separate motions to dismiss. They claim immunity from the allegations of the complaint. All well-pleaded allegations, of course, will be taken as true, and viewed in a light most favorable to the plaintiff. Ward v. Hudnell, 366 F.2d 247 (5th Cir. 1966).

The complaint and amended complaint recite a panoply of common law torts, including: slander, assault, battery, malicious prosecution, false arrest, libel, intentional interference with business and

**50**

the intentional infliction of mental distress. The plaintiff alleges that the commission of these acts by the defendants under color of state law has deprived him of rights secured by the due process, equal protection and privileges and immunities clauses. He now seeks compensation in the sum of 500,000 dollars for actual and exemplary damages. No demand for injunctive or declaratory relief is made, and from the face of the complaint such relief would appear to be inappropriate.

The jurisdictional basis of this action, 42 U.S.C.A. § 1983, provides that "[e]very person who, under color of [state law] subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." However, as Mr. Justice Douglas observed caustically, every person does not mean every person. Pierson v. Ray, 386 U.S. 547, 559, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). It means every person who has not been granted immunity from liability by judicial fiat.

■ Two primary groups are spared the "inconvenience and distractions" of a § 1983 suit: legislators, for acts done within the sphere of legitimate legislative activity, Tenney v. Brandhove, 341 U.S. 367, 377, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); and judges, for acts done within their judicial jurisdiction. Pierson v. Ray, *supra*. The grant of immunity to these groups has been criticized as a misguided public policy declaration which lacks a valid foundation in legislative history. Antieu, Federal Civil Rights Act § 39. Irrespective of criticism, it is the law.

■ The immunity of judges for acts committed within their judicial jurisdiction, moreover, spreads outward from the center and may also shield related public servants. A public prosecutor, for example, is a quasi-judicial officer and enjoys official immunity unless he acts outside the scope of his jurisdiction and without authorization of law. Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955); Madison v. Purdy, 410 F.2d 99 (5th Cir. 1969); Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971). Sheriffs, police officers and most other state officials are not afforded a broad grant of immunity for their actions. E. g. Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969); Hesselgesser v. Reilly, 440 F.2d 901 (9th Cir. 1971); Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971), modified on other grounds upon rehearing, 456 F.2d 835 (1972). See also, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1971); Pierson v. Ray, *supra*. However, where law enforcement officials are lawfully acting as officers of the court, they share the immunity afforded judges and the entire judicial process. Mississippi ex rel. Giles v. Thomas, 464 F.2d 156 (5th Cir. 1972).

■ When ruling on a motion to dismiss a civil rights suit on the grounds of official immunity, the court should be mindful of at least two caveats. First, the complaint should not be dismissed on motion for any theory unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts that could be proved in support of his claim. Madison v. Purdy, *supra*. Second, the defense of official immunity should be applied sparingly in civil rights suits. Anderson v. Nosser, 438 F.2d 183, 202 (5th Cir. 1971). The court therefore will review all the allegations of the complaint. The allegations, incidentally, appear to have their genesis in a bitterly contested race for the office of circuit judge; two of the candidates were Judge Perry and the plaintiff.

Sheriff Sloan and Judge Perry are alleged to have conspired to issue a parking citation to the plaintiff in June, 1970. After unsuccessfully contesting the citation in a justice-of-the-peace court, plaintiff appealed for a *de novo* trial in circuit court. He also made a motion for Judge Perry to recuse himself. Apparently on the basis of language contained in the motion, plaintiff

was cited for contempt of court and sentenced. The citation and sentence were reversed upon appeal. Boydstun v. State, 244 So.2d 732 (Miss.1971).

Judge Perry and District Attorney Eaves are alleged to have conspired to induce a grand jury to indict the plaintiff in July, 1970. The charges were tried before Judge Brown, also a defendant in this action, in a nearby county. The prosecutors were District Attorneys Eaves and Littlejohn. Plaintiff was convicted and sentenced to a term of six months. On appeal, the conviction was reversed because the elements of the crime were too indefinite under Mississippi law to be enforced as a penal offense. Boydstun v. State, 249 So.2d 411 (Miss.1971).

Eaves and Judge Perry are alleged to have conspired to procure the introduction of perjured testimony during a subsequent trial for contempt in January, 1971. Judge Perry is alleged to have maliciously ordered the arrest of the plaintiff in December, 1971. He is also alleged to have filed a false affidavit before the Mississippi State Bar in June, 1972 charging the plaintiff with unprofessional conduct. Judge Perry is alleged to have denied plaintiff the right to practice law in the Circuit Court of Winston County in June, 1972. Apparently, plaintiff's right to practice law was later reinstated by the Mississippi Supreme Court.

District Attorney Eaves is alleged to have interfered with plaintiff's business in December, 1969 by causing a subpoena to issue for his bookkeeper, and by requiring her presence in court for two hours. Sheriffs Strider and Sloan, Judge Perry and Eaves are alleged to have conspired to humiliate and embarrass the plaintiff by ordering his arrest in the presence of others.

On or about January 20, 1971, Sheriff Sloan is alleged to have locked the plaintiff in Judge Perry's chambers and to have brutally assaulted him. On other, unspecified occasions, Sheriff Sloan is charged with "stalking around" the plaintiff.

■ The complaint is loosely drafted, and many allegations appear to be the pleader's general conclusions. Nevertheless, each allegation has been carefully examined by the court. With the exception of one and possibly two allegations, the court concludes that the complaint recites activities which fall within the realm of judicial immunity. McAlester et ux. v. Brown, 469 F.2d 1280 (5th Cir. 1972). Arguably, Judge Perry was not wearing judicial robes when he filed a complaint with the Mississippi State Bar. However, this court is of the opinion that the mere filing of an unprofessional conduct complaint does not rise to the deprivation of a federally protected right under color of state law.

■ Only the final allegation could support the further exercise of this court's jurisdiction. Certainly assault and battery by law enforcement officials is the type of wrong § 1983 and § 1985 were designed to redress. However, the beating was alleged to have occurred on January 20, 1971 and the complaint was not filed until November 13, 1972. This court has previously ruled that where the essential nature of the allegations in a civil rights action resemble the traditional tort theories of assault and battery, the period of limitations for filing suit is one year in Mississippi. Ballard v. Taylor, 358 F.Supp. 409 (N.D.Miss. 1973); see § 722 Miss.Code Ann. (1956).

The court, therefore, concludes that the complaint fails to state a claim upon which relief can be granted. Lacking original jurisdiction, the court is powerless to consider any pendant state court claims.

An appropriate order will be entered finally dismissing the above action.