379 So.2d 540 (1980)
Dewey GRACE
v.
STATE of Mississippi.
No. 51636.
Supreme Court of Mississippi.
February 6, 1980.
Richard E. Wilbourn, Don O. Rogers, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
*541 Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Lauderdale County, Mississippi, wherein appellant was indicted for the murder of Doris M. Wright but convicted of manslaughter and sentenced to serve fifteen years in the Mississippi State Penitentiary. Being aggrieved at that conviction and sentence, the appellant takes this appeal.
The appellant assigns as error that:
(1) The verdict of the jury was against the weight of the evidence and contrary to the instructions of the court;
(2) The trial court erred in overruling defendant's motion for a mistrial by reason of the two police officers wearing their uniforms during testimony; and
(3) The trial court erred in refusing defendant's peremptory instruction and motion for a directed verdict.
Police Sergeant Harold Clark testified that he was working as desk sergeant at the Meridian Police Department on July 30, 1978, when about 2:00 a.m. he saw a green Plymouth rapidly drive up and stop in front of the first parking place at the police station. He further stated:
A. The car was occupied by two people, a colored male and a colored female. The colored male was driving  I mean the colored female was driving and the colored male was sitting close to her on the driver's side. I heard a scream. A few seconds later I heard a shot. I proceeded out the front door and on the way to the front door I hollered back to the back toward the radio room where the booking man was located that I needed help up front. And as I was opening the front door, I turned to the left  the front door of the Police Station  I turned to the left and I was shot in the left arm. The man that shot me in the left arm reached his hand out of the driver's side, extended, and shot me. After I was shot, I run toward the car which was in the process of backing and he backed over the curb and struck me and knocked me into the grassy knoll area on the east side of the police station. After he knocked me there the car proceeded backwards. It cleared my body, but I was under the car. I heard him changing gears and I wasn't as lucky when he proceeded forward. It run over my body when he went forward. And as I was getting up from the grassy area I noticed that he was across the street kind of at an angle. At this time I run into the Police Station; I run back toward the radio room, and I think I ran up front, maybe sat in a chair up there for a while and then I run back out. Then I saw Officer Currie  I think I saw Currie inside the station as well as on the outside.
Q. Did you see who shot you?
A. Yes, I did. It was that gentleman over there between Mr. Wilbourn, and I believe that other attorney on the right is Rogers. He's sitting over there in the turtleneck sweater.
The appellant testified as follows: On the morning of July 29, he went to a girl friend's house, after which he went from place-to-place drinking large quantities of beer and whiskey until 1:00 or 1:30 a.m. Shortly thereafter he and his girl friend (the deceased) drove in her car to get fried chicken. As she was driving, he was smoking, dropped his cigarette, leaned over, saw a gun halfway under the seat, picked it up, tried to open it, and as they got to the police station, she hit a curb and the gun went off. Appellant further contends that he was thrown into the dashboard or windshield at which time he reached for the steering wheel and the gun went off again. He testified that he did not mean to pull the trigger at any time, and these events were accidental.
When the officers went to the car, they found Doris M. Wright on the driver's side of the vehicle, slumped over, dying of gunshot wounds.
Upon the state and defendant resting, the defendant requested a peremptory instruction which was denied. The state requested and was granted two instructions on the *542 crime of murder and one instruction on manslaughter.
The defendant interposed the following objection to the state's manslaughter instruction:
Instruction S-4, we will object to as having no basis in the testimony, no basis of any passion, or argument or anything like that, and it is improper.
We will consider as one the appellant's assignments that the trial court erred in refusing defendant's peremptory instruction and, that the verdict of the jury was against the weight of the evidence and contrary to the instructions of the court.
The appellant contends that he is entitled to the benefit of the Weathersby rule that "... where the defendant or the defendants are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." (Weathersby v. State, 165 Miss. 207, 209, 147 So. 481 at 482 (1933).
We have carefully examined this record and are of the opinion that the Weathersby rule is not applicable. The appellant's version of the incident was that he had picked the gun up and was attempting to unload it when the deceased, who was driving, struck the curb in front of the Meridian Police Station, at which time the gun accidentally went off and that he then grabbed for the steering wheel, and the gun went off a second time. He said that he struck his head against the windshield and received bruises about the face as a result. However, the appellant's version was contradicted by Officer Clark, who testified that he saw a vehicle rapidly approach the police station; that it stopped at the curb; the lights were then turned off;[1] he heard a woman scream; and a few seconds later, he heard a shot.
Since the appellant's only defense was that the deceased was killed accidentally in the manner described by him, which version was contradicted by Officer Clark, the question of the appellant's guilt or innocence was properly submitted to the jury. The jury could have found, from Officer Clark's testimony, that the deceased, who was driving the vehicle, pulled up to the curb in front of the police station, stopped, turned off her lights, after which the defendant for some unknown reason caused her to scream, and a second or two later, willfully shot her. Under these circumstances, the jury would have been justified in finding the defendant guilty of murder but, chose instead to find him guilty of manslaughter. The verdict was amply supported by the evidence.
The appellant complains of the granting of a manslaughter instruction requested by the state contending that there was no testimony of any fighting, arguing or other dispute between the decedent and the appellant, nor were there any facts in evidence from which the jury could infer that an argument took place or that the shooting occurred in a "heat of passion." We disagree. If the jury believed Officer Clark's testimony that after the car stopped, the lights were turned off and he then heard a scream followed a second or two later by a shot, they could have reasonably inferred from this screaming that the parties were engaged in some type of dispute. Aside from that, this case is controlled by the principle of law that where a defendant is convicted of manslaughter upon an instruction granted by the state to that effect and the evidence would have justified a conviction of murder, the instruction on manslaughter, even if not authorized by the evidence, does not constitute reversible error. In West v. State, 233 Miss. 730, 734, 103 So.2d 437, 439 (1958), this Court said:
The appellant argues that the court erred in granting to the State the manslaughter instruction. Prior to the decision of Calicoat v. State, 131 Miss. 169, 95 So. 318, counsel would be correct in his contention, however, since that time it *543 has been held in a large number of cases that where a defendant was convicted of manslaughter upon an instruction granted by the state to that effect and the evidence would have justified a conviction of murder, the instruction on manslaughter, even if not authorized by the evidence, was not reversible error. Graham v. State, 195 Miss. 291, 15 So.2d 478. In the case of Bradford v. State, Miss., 161 So. 138, the Court cited a long list of cases upon the identical question here presented.
The appellant's contention that he was erroneously convicted of manslaughter is without merit.
The appellant's remaining assignment of error that the trial court erred in overruling defendant's motion for a mistrial by reason of the two police officers wearing their uniforms during their testimony is wholly without merit. The evidence revealed that the witnesses were, in fact, police officers. The fact that they had their police uniforms on at the time they testified did not, in our opinion, bolster their testimony as contended by the appellant.
The judgment of conviction and sentence of the appellant by the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] This was brought out on cross-examination.