KNOTT *v*. STATE.

Division B.   Nov. 6, 1950.

No. 37651   (48 So. (2d) 367)

S. R. King and Calvin King, and Forrest B. Jackson, for appellant.

**Joe T. Patterson,** Assistant Attorney General, and **Edwin White,** for appellee.

Holmes, C.

This is an appeal from a conviction of the appellant on an indictment, which, omitting the formal parts, charged as follows: "That C. A. Knott late of the County aforesaid, on the 27 day of June, in the year of our Lord, 1949, in the County aforesaid, with a certain deadly weapon, to-wit, a knife, in and upon one C. S. Barber, a human being, unlawfully, wilfully, and feloniously, an assault did then and there make, and him, the said C. S. Barber, with the said deadly weapon did then and there cut and wound in the unlawful and felonious attempt him the said C. S. Barber unlawfully and feloniously to kill and slay against the peace and dignity of the state of Mississippi."

The prosecution was based on Section 2011, Mississippi Code of 1942, the pertinent provisions of which are: "Every person who shall be convicted of shooting at another, or attempting to discharge any firearms or air-

guns at another, wilfully; *or* of any assault or assault and battery upon another with any deadly weapons . . ., with intent to kill and murder . . . such other person; *or* in the attempt to commit any murder, . . . manslaughter . . ., or other felony; . . . shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both.''

The appellant complains, (1) that the judgment of conviction is contrary to the overwhelming weight of the evidence, and, (2), that there was fatal error in the one and only instruction granted to the State, and, (3), that the trial court erred in refusing certain instructions requested by the appellant.

The evidence in this case was conflicting and clearly presented an issue for the jury, and we are not warranted in saying that the verdict of the jury is contrary to the overwhelming weight of the evidence.

It is contended on behalf of the appellant that the one instruction given to the State was erroneous in that in informing the jury of the essential elements of the offense to be proved, it failed to include the element of intent. The instruction is as follows:

''The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully, wilfully, and feloniously made an assault on C. S. Barber with a deadly weapon, to-wit, a knife, and did unlawfully and feloniously cut said C. S. Barber with said knife, without authority of law and not in necessary self-defense, real or apparent, in the attempt unlawfully and feloniously to kill and slay said C. S. Barber, then it is your duty to find the defendant guilty as charged in the indictment, even though you further believe that the defendant in so cutting C. S. Barber, if such he did, acted without malice, but in the heat of passion.

"The court further instructs the jury that if you find the defendant guilty as charged in the indictment, the form of your verdict shall be 'We the jury find the defendant guilty as charged in the indictment'."

It is not necessary to pursue the appellant's objection to the foregoing instruction further than to say that any objection to the instruction upon the ground that it failed to include the element of intent was fully met by two instructions given to appellant, both of which informed the jury that they could not convict the appellant unless they found from the evidence that he intended to kill his adversary in the difficulty. These two instructions for the appellant were not in conflict with or contradictory of the State's instruction, but supplemented it. The instructions read together could have left no doubt in the minds of the jury as to the elements of the offense necessary to be proved in order to convict him.

We have carefully examined the instructions refused to the appellant, and are of the opinion that there was no prejudicial error in the action of the trial court in refusing them. It follows that the judgment of the court below must be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.