WHITEHEAD *v.* STATE

No. 42574     March 25, 1963     151 So. 2d 196

*E. B. Todd,* Jackson, for appellant.

· G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.

Kyle, J.

The appellant was indicted by the grand jury on a charge of murder and was tried and convicted of manslaughter at the September 1962 Term of the Circuit Court of Madison County, and was sentenced to serve a term of seven years in the state penitentiary. From that judgment he prosecutes this appeal.

The killing occurred near a crossroads store about three miles east of the Town of Flora on July 21, 1962, sometime after the noon hour. The appellant and James Smith, the deceased, had been fishing in a nearby lake during the morning. The appellant had with him a .25 calibre Beretta automatic pistol which he had fired at a crane over the lake while he was on the fishing trip, and which James Smith seems to have had in his possession when they arrived at the crossroads store. Ac-

cording to the testimony of the State's witnesses the appellant parked his car on the roadside east of an old store building at the crossroads. The appellant then asked James where his pistol was, and James gave him the pistol. The appellant then asked James where his scabbard was. James told him that he did not have it. The appellant then said: "James, go get my scabbard." James again stated that he did not have the scabbard, and the appellant said: "You are going to get it, James, or I will shoot you." A few minutes later a shot was fired. The deceased was standing by the appellant's automobile when the shot was fired and the bullet entered his head over the right eye. The sheriff stated that he arrested the appellant a short time after the shooting occurred, and that from his observation it appeared that the appellant was intoxicated or drinking.

**(Hn 1)** The appellant testified that the fatal shot was fired accidentally, but the testimony of the State's witnesses, some of whom actually saw the shooting, testified that the shooting was intentional and not accidental. There is ample evidence in the record to support the jury's finding that the shooting was not accidental.

**(Hn 2)** The only error assigned and argued as ground for reversal of the judgment of the lower court is, that the court erred in refusing to grant the appellant's requested Instruction No. 7, which purported to define the doctrine of reasonable doubt. But we think there was no error in the court's refusal to grant that instruction. The appellant had obtained three other instructions which correctly stated the applicable rules of law relating to the presumption of innocence and the requirement of proof of guilt beyond every reasonable doubt. **(Hn 3)** This Court has held in several cases that, if the controlling legal principles are properly stated in charges given, it is not error to refuse others. Fisher v. State, 150 Miss. 206, 226, 116 So. 746, 750;

Bramlett v. State (Miss.), 37 So. 2d 305; Rose v. State, 222 Miss. 699, 76 So. 2d 835.

The judgment of the lower court is therefore affirmed.

Affirmed.

*Lee, P. J., and Gillespie, McElroy and Rodgers, JJ.,* concur.