FRIERSON *v.* STATE

No. 43088          June 8, 1964          165 So. 2d 342

*Grayson B. Keaton, Tate Thigpen,* Picayune, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

342

PATTERSON, J.

The appellant, William Frierson, was tried and convicted in the Circuit Court of Pearl River County on an indictment charging him with committing an assault and battery with intent to kill one Dallas Frierson. He was sentenced to serve a term of ten years in the State Penitentiary, from which he appeals.

He urges four grounds for reversal of the judgment of conviction, namely (1) the lower court erred in overruling appellant's motion for a mental examination, and in refusing to allow appellant's counsel to re-examine him relative thereto, and in refusing a new trial on this ground; (2) the lower court erred in granting State instruction No. 2; (3) the court erred in refusing appellant's instruction No. 3; and (4) the verdict of the jury was against the weight of the evidence and contrary to law.

The evidence reflects the following facts. The defendant is separated from his wife who has the custody of their minor child. The mother and child live with her mother and stepfather, Dallas Frierson, in the home of

Mrs. Cammack, in the City of Picayune, Mississippi. Mrs. Cammack is the grandmother of appellant's wife.

The appellant is employed as a construction worker in New Orleans, Louisiana. On October 4, 1963, appellant called his wife at approximately 11:30 A.M. to inform her that he was on his way to Picayune to visit his baby and that he would like to pick the child up at one o'clock on that date. Pursuant to this conversation, defendant arrived at the home of his wife and baby just prior to one o'clock and came up to the front and blew his automobile horn. There being no response from within the home, he went some several blocks away to a telephone and called and asked his wife to bring the baby out to him. Upon returning he saw Dallas Frierson, his wife's stepfather, sitting on the front porch of the home. Appellant alighted from his automobile and picked up a paint gun which was lying in the car, and walked up on the porch where Dallas Frierson was sitting, telling him that he had come for the baby and for Dallas to get the child for him. Dallas stated he would not interfere in their affairs. A struggle then ensued in which Dallas was struck over the head with the paint gun and knocked to the floor. When he tried to arise he was struck again and was kicked several times by appellant until he was unconscious. Appellant then departed leaving Dallas in a pool of blood. The victim was examined by a doctor and placed in a hospital; his face was bruised, his eye closed, a bone was fractured, and it required some six stitches to sew up the wounds in his head. He remained in the hospital for three days.

Appellant contends that Dallas Frierson instigated the struggle by picking up a glass jug and drawing back as though to strike him with it, and that he struck with the paint gun to avoid the glass jug. Dallas Frierson contends that he was on the front porch of his home reading the newspaper when the appellant arrived; that as he approached the porch, he requested appellant not

to upset his mother-in-law as she was quite old, and that he, Dallas, had nothing to do with the appellant and his wife and baby; that appellant then knocked him down with some kind of metal object, and further struck and kicked him when he attempted to get up, with the above injuries enumerated resulting therefrom. It is significant that no other witness saw a glass jug on the premises.

We are of the opinion that the errors here urged by appellant are not well taken, and that the case should be affirmed.

Appellant's counsel moved the court, under Section 2575.5, Miss. Code 1942, Rec., to have appellant examined as to his mental ability to stand trial. The State replied to this motion, putting in issue the defendant's then ability to stand trial. A hearing was had upon this motion which disclosed the defendant had theretofore been to Whitfield for mental examination but had been released as competent. Dr. Jaquith, the head of such institution, testified in response to questions by the defendant's attorney that he had no knowledge as to the defendant's mental capacity at the time of the hearing. Defendant offered no witnesses in support of his motion other than the defendant himself who testified as to the details of the incident and not as to any mental impairment or impediment that he might have. At the conclusion of this hearing, the defendant, through his attorney, requested a mental examination at the time, which was refused by the Court. We are of the opinion that the Court was correct in refusing this motion. ▊▊ ▊ The purpose of the statute is to avoid placing an accused on trial unless he is at the time capable of conducting a rational defense by intelligently conferring with his counsel. McGinnis v. State, 241 Miss. 883, 133 So. 2d 399. ▊▊▊ ▊ The defendant produced no evidence to the effect that there was a reasonable probability that he was incapable of making a rational defense. Jaquith v. Beck-

with, 157 So. 2d 403. He was afforded opportunity to, do so and failed to respond. After the trial was concluded, on a motion for a new trial, the point was raised that the lower court erred in overruling the motion for a mental examination of defendant. Testimony was introduced on this motion for a new trial for the record after objections thereto were sustained. We have carefully considered this testimony and are of the opinion that these points are not well taken for the reason the witnesses offered on this motion for a new trial were known to the appellant at the time of the first motion and were not called by him; and, further, an examination of the evidence offered fails to reveal a probability the defendant was unable to conduct a rational defense. ██ In addition thereto, the trial judge had the benefit of his observation of the appellant during his testimony upon the former motion and at the trial, as well as his own knowledge of the defendant over a period of years. The court's own observation of the accused is of importance. Jaquith v. Beckwith, supra. The court's sound discretion in ruling upon this motion was not abused and we find no error therein.

██ ██ Appellant next contends the court erred in granting the State's Instruction No. 2, which is as follows: "The court instructs the jury for the State of Mississippi that if you believe from the evidence in this case beyond every reasonable doubt that William Frierson in Pearl River County, Mississippi, did, on or about October———, 1963, wilfully, unlawfully and feloniously commit assault and battery on the person of one Dallas Frierson, a human being, with a certain deadly weapon, to-wit, a pistol or metal instrument, by then and there striking, beating and wounding the said Dallas Frierson with the weapon aforesaid in the unlawful and felonious attempt of said defendant to unlawfully and feloniously kill and slay the said Dallas Frierson, you may return a verdict of guilty as charged."

Appellant is critical of the foregoing instruction for the reason, he states, it does not require the jury to determine that a deadly weapon was used but instead created an assumption that the metal instrument was a deadly weapon. The quoted instruction plainly predicates guilt upon the assault being made with ''a certain deadly weapon, towit, a pistol or metal instrument.'' This is in the disjunctive, it separates the two, and leaves for determination of the jury the question of whether a pistol or metal instrument was used by the appellant to strike Dallas Frierson. We find no error as to this portion of the quoted instruction.

▆▆ ▆ Appellant next urges as error the failure of the instruction to include intent as an essential element of the offense to be proved. We are of the opinion this point is not well taken in view of Knott v. State, 209 Miss. 756, 48 So. 2d 367, where, in passing upon a similar instruction, the Court said: ''It is not necessary to pursue the appellant's objection to the foregoing instruction further than to say that any objection to the instruction upon the ground that it failed to include the element of intent was fully met by two instructions given to appellant, both of which informed the jury that they could not convict the appellant unless they found from the evidence that he intended to kill his adversary in the difficulty.''

Here the instruction, if in error, was cured by the following instruction given at the defendant's request: ''The Court instructs the jury for the defendant that intent to kill and slay is the essential ingredient of the offense charged in the indictment; . . . .'' In all probability this placed upon the State a greater burden of proof than was necessary under the indictment, however, the defendant cannot complain thereof as he was not harmed thereby.

▆▆ ▆ Appellant next urges as error the refusal of the court to grant him Instruction No. 3, which is as

follows: ''The Court instructs the jury for the defendant that if you believe from the evidence that the defendant struck Dallas Frierson in the heat of passion, and without deliberation, you must acquit of the crime charged.'' This assignment of error is not well taken for the reason there is no evidence in the record to support it. West v. State, 233 Miss. 730, 103 So. 2d 437, and, further, even if there were evidence to support it, it was not reversible error in view of. the fact that the other instructions for the State and the defense considered together correctly stated the elements of the offense and the controlling legal principles. Neilson v. State, 149 Miss. 223, 115 So. 429; Whitehead v. State, 246 Miss. 530, 151 So. 2d 196.

██ █ The appellant next urges that the verdict of the jury was against the weight of the evidence and contrary to law. We have carefully considered the record and there is ample evidence to sustain the verdict of the jury, and in the absence of error it should be, and is affirmed.

Affirmed.

*Lee, C. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.