733 So.2d 855 (1999)
Gerald BENISH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00841 COA.
Court of Appeals of Mississippi.
January 26, 1999.
K. Elizabeth Davis, Greenwood, Attorney for Appellant.
Office of the Attorney General by Deidre McCrory, Attorney for Appellee.
En Banc
BRIDGES, C.J., for the Court:
¶ 1. Gerald Benish was convicted on the charge of burglary of a building as a habitual offender in the Circuit Court of Carroll County, Mississippi, Second Judicial District. *856 He has appealed to this Court and presents three issues for our consideration which he claims warrant a reversal of his conviction. We disagree and affirm.

THE FACTS
¶ 2. On Sunday, September 15, 1996, Gerald Benish and Barry and David Nix were at the Pepper Inn, a bar in Carroll County. At approximately 6:00 p.m., Mildred McKee, owner of the Pepper Inn, informed the men that she was closing the establishment at that time. According to the prosecution, Benish resisted leaving the establishment and continued playing a poker machine. McKee's assistant, Philip Ross, then unplugged Benish's poker machine. Benish replugged the machine and continued playing until McKee gave him $20 dollars.
¶ 3. After closing the Pepper Inn, McKee and Ross left with Benish and Barry and David Nix standing outside the establishment. According to Barry and David, after McKee and Ross left, Benish opened the glass door and kicked in the wooden door to the Pepper Inn. Benish then talked about a money bag inside the Pepper Inn. At approximately 6:45 p.m., Barry and David left the Pepper Inn, indicating that they did not want to take part in Benish's activities. Benish's mother testified that later that evening she picked him up alone on Highway 51.
¶ 4. McKee and Ross returned to the Pepper Inn at 1:30 a.m. the next morning, and discovered the door standing open. McKee discovered that the business had been vandalized and reported missing $30-$40 dollars, 72 cans of beer, and her .380 caliber pistol. Deputy Robert Anderson of the Carroll County Sheriff Department inspected the Pepper Inn and completed a report.
¶ 5. On September 20, 1996, Benish was arrested for burglary of a building, after Barry and David Nix gave statements to the Carroll County Sheriff Department regarding the incident at the Pepper Inn.
¶ 6. On May 12, 1997, the day before trial, Benish moved for a motion for mental examination. The court refused to grant the motion for mental examination. At trial, on May 13, 1997, after the State rested its case, Benish moved for a directed verdict, which motion was denied by the court. The jury, after deliberation, returned a guilty verdict and the court sentenced Benish to seven years imprisonment as a habitual offender. Consequently, Benish filed a motion for a new trial, which the court denied.

I.

WAS THE TRIAL COURT CORRECT IN NOT GRANTING THE DEFENDANT'S MOTION FOR MENTAL EXAMINATION?
¶ 7. Benish argues that the court committed a reversible error in overruling his motion for mental examination prior to trial. Benish claims to have no recollection of the incident at Pepper Inn on September 15, 1996. Benish contends that he suffers from periodic loss of memory and occasional blackouts. As evidence of his mental problems, Benish's wife, Ellen, testified that Gerald would suffer from periodic blackouts, in which he could not remember any events that occurred during that time. Benish's mother, Diane Self, testified that while Benish was in elementary school he was treated by a psychiatrist or psychologist for some mental problem.
¶ 8. The mental examination request is authorized under Rule 9.06 of the Uniform Circuit and County Court Rules and Section 99-13-11 of the Mississippi Code Annotated, as amended. The purpose of the statute is to assure that the defendant is mentally capable of standing trial and able to assist his attorney in preparation of his defense. Frierson v. State, 250 Miss. 339, 165 So.2d 342, 344 (1964). Benish does present background evidence supporting his argument for a mental examination. However, the defendant has the burden to persuade the trial judge that the evidence warrants the need for a mental examination. As the Mississippi Supreme Court points out, "when the *857 trial court has made a finding that the evidence does not show a probability that the defendant is incapable of making a rational defense, the Court will not overturn that finding unless the finding was manifestly against the overwhelming weight of the evidence." Dunn v. State, 693 So.2d 1333, 1341 (Miss.1997), citing Laney v. State, 486 So.2d 1242, 1244-45 (Miss.1986).
¶ 9. Benish contends that his unrefuted evidence for a mental examination was substantial enough to warrant a prima facie showing of probable cause that he might be incapable of defending himself. The record clearly indicates that the trial judge directed a series of questions to the defense to ensure that Benish was capable to stand trial. After addressing these questions, the judge concluded that the circumstance indicated that Benish was fully competent to stand trial. Here, we must "assume that the trial court objectively considered all the facts and circumstances" when concluding that Benish was competent to stand trial. Conner v. State, 632 So.2d 1239, 1251 (Miss.1993). In examining the record, we find the trial court adequately evaluated Benish's testimony and evidence regarding a mental examination. The trial court justly concluded that the mental examination was unnecessary in order to conduct a fair trial for Benish. At issue was not Benish's mental condition at the time of the crime but his ability to stand trial and assist his attorney. We do not find that the trial court's finding was in error or against the overwhelming weight of the evidence.

II.

WHETHER THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO SUPPORT THE VERDICT, OR IN THE ALTERNATIVE, WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 10. Benish contends the State lacked sufficient and creditable evidence to support his conviction. He argues that the Court should reverse the trial court decision, because the State failed to prove, beyond a reasonable doubt, that Benish committed the burglary of the Pepper Inn.
¶ 11. Specifically Benish contends that the statements of David and Barry Nix regarding his activities on the evening the Pepper Inn was burglarized are so unbelievable that credible reasonable doubt exists. Benish complains the State's case excludes the other possible suspects who may have burglarized the Pepper Inn.
¶ 12. In determining the sufficiency of the evidence, the trial court is required to consider the evidence in the light most favorable to the State. Harrell v. State, 583 So.2d 963, 964 (Miss.1991). If the evidence is presented to the jury in a manner that a fair and reasonable determination can be drawn, then the jury's final decision should stand. "The Court may reverse only where the evidence was such that reasonable and fair minded jurors could not find the accused not guilty." Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995); Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 13. Benish was brought to trial under an indictment charging him with the crime of burglary of a building as a habitual offender. Before he could be convicted, the prosecution was required to prove that Benish unlawfully entered the Pepper Inn with the intent to commit a crime. Having this in mind, we note the record indicates the following: On the evening of September 15, 1996, Benish was at the Pepper Inn with David and Barry Nix. Although Benish indicates he has no recollection of that evening, three witnesses testified that Benish was at the Pepper Inn on the evening in question. The record indicates that David and Barry Nix both witnessed Benish break into the Pepper Inn after it was closed. Moreover, Barry's testimony indicates Benish's intent to retrieve *858 McKee's money bag from the building. Later that evening Benish's mother testified that she picked him up alone not far from the Pepper Inn.
¶ 14. The jury is charged with weighing the sufficiency of the evidence presented. "Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject, the utterances of any witness." Gossett 660 So.2d at 1293. In this case, Barry and David Nix's testimony along with other evidence presented at trial, and Benish's lack of testimony regarding the event of that day, are sufficient for a reasonable juror to find him guilty. Therefore, this Court must accept as true the evidence that supports this verdict. The trial court correctly denied the request for directed verdict and a new trial.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLL COUNTY OF BUILDING BURGLARY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION; AND PAY FINE OF $1,500.00 IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO CARROLL COUNTY.
McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, KING, PAYNE, and SOUTHWICK, JJ., CONCUR.
IRVING and LEE, JJ., NOT PARTICIPATING.