THOMAS, J., for the Court:
¶ 1. James Donald Piercy was convicted of sexual battery in the Circuit Court of DeSoto County and sentenced to serve a term of twenty years and pay a fine of $1,000. Aggrieved, he asserts the following issues on appeal:
I. WHETHER THE TRIAL COURT ERRED BY DENYING THE MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE IN CHIEF.
II. WHETHER THE TRIAL COURT ERRED BY NOT GRANTING THE DEFENDANT A CONTINUANCE OF HIS TRIAL BASED UPON THE DEFENDANT’S APPEARANCE.
III. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A MISTRIAL AFTER THE DISTRICT ATTORNEY REFERRED TO THE DEFENDANT AS A “PREDATOR” IN CLOSING ARGUMENT.
Finding no error, we affirm.
FACTS
¶ 2. On December 21, 2001, forty-year-old James Donald Piercy took his son to a Memphis Grizzlies basketball game. After the game, Piercy took his son home and he went to Club 152 on Beale Street in Mem *221 phis. At the club, Piercy met twenty-one-year-old M.D. who was celebrating her birthday at the club. Piercy offered to give M.D. a ride home. At approximately 5:00 a.m. on December 22, they left the club in Piercy’s rental car. Piercy did not take M.D. directly to her home near Horn Lake, Mississippi but instead pulled off the road in a wooded area near Horn Lake. Piercy stated that they intended to park and “make out.”
¶ 3. According to M.D.’s testimony, Pier-cy forced himself on top of her and began groping all over her, including penetrating her with his fingers without her consent. M.D. fought back and scratched Piercy’s face. The owner of the property drove up and witnessed Piercy holding M.D.’s hands down. Piercy told police that he was holding her hands down to keep her from scratching him anymore.
¶ 4. Four witnesses testified for the State of Mississippi in its case-in-chief including the victim. Piercy moved for a directed verdict at the close of the State’s case and the trial court denied the motion. Piercy was advised of his right to testify but chose not to and produced no evidence in his own defense. After deliberation, the jury found Piercy guilty of sexual battery.
ANALYSIS
I. DID THE TRIAL COURT ERR BY DENYING THE MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE IN CHIEF?
¶ 5. Piercy asserts that the trial court erred in denying his motion for a directed verdict at the close of the State’s case-in-chief. According to Piercy, the State’s witnesses failed to prove beyond a reasonable doubt that he lacked M.D.’s consent at the time of the alleged incident. Piercy points out that M.D. had consumed alcohol at the club and voluntarily chose to ride with Piercy. Also, Police Officer Edward Jones testified that Piercy cooperated with officers and that there was no evidence M.D. had been penetrated nor any evidence of blood in Piercy’s rental car.
¶ 6. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “If there is. sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Raymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, “with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty.” Alexander v. State, 759 So.2d 411, 421(¶23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 7. M.D. testified clearly that Pi-ercy acted without her consent and that she struggled with him,' scratching and hitting him in order to try and get him to stop. Pictures of Piercy with scratches on his face were introduced into evidence supporting M.D.’s testimony. It has been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d at 991. See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979).
¶ 8. The evidence was sufficient for a reasonable and fair minded jury to find Piercy guilty of sexual battery. The trial judge did not err in denying Piercy’s mo *222 tion for directed verdict. This issue is without merit.
II. DID THE TRIAL COURT ERR BY NOT GRANTING THE DEFENDANT A CONTINUANCE OF HIS TRIAL BASED UPON THE DEFENDANT’S APPEARANCE?
¶ 9. Piercy asserts that the trial court erred in not granting a continuance of his trial based upon his appearance. Piercy was allegedly attacked by some inmates shortly before his trial. According to Pier-cy, this attack left him swollen, blackened, scarred, and with a bloody left eye, which made him appear similar to his condition in the photographs admitted into evidence that were taken following the incident with M.D. Piercy states no authority in support of his assertion other than a reference to the Sixth Amendment of the Constitution which provides for a fair and impartial trial.
¶ 10. The trial judge attempted to determine if there were any problems caused by Piercy’s appearance by questioning the prospective jurors during voir dire. The judge told the jurors that Piercy had been involved in an accident and that it had nothing to do with the trial. The judge then asked if this would affect any of the prospective jurors. None of the prospective jurors said that it would affect them. After the jury was selected, Piercy moved for a continuance based upon his appearance and the similarity to the photographs. The trial judge denied the motion and observed on the record that he had already handled the issue with the jury, and that in his opinion Piercy looked to have a typical black eye with a small scratch above his left eyebrow. This injury would be distinguishable from the pictures taken after the incident.
¶ 11. “The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice.” Simmons v. State, 805 So.2d 452, 484(¶ 72) (Miss.2002). The moving party has the burden of proving the trial court abused its discretion in denying the motion for continuance. Wilson v. State, 755 So.2d 2, 5(¶ 11) (Miss.Ct.App.1999). The trial court had an opportunity to view the defendant, consider his appearance, and to hear argument of counsel on the issue. Piercy fails to meet his burden of proof that the trial court’s denial of a continuance was an abuse of discretion. This issue is without merit.
III. DID THE TRIAL COURT ERR IN NOT GRANTING A MISTRIAL AFTER THE DISTRICT ATTORNEY REFERRED TO THE DEFENDANT AS A “PREDATOR” IN CLOSING ARGUMENT?
¶ 12. Piercy contends that the trial court erred in not granting a mistrial after the district attorney referred to him as a “predator” in his closing argument. In discussing the victim and Piercy, the district attorney stated:
He’s almost twice her age. He’s forty and she’s twenty-one. She has every right to be free from his predatory nature.
Piercy failed to object to the statement until after the jury had returned with its verdict and it had been read in open court and the jury polled. The trial judge ruled that Piercy was too late in his objection, and that in his opinion the evidence was clear and overwhelming and the statement did not have anything tó do with the conviction.
¶ 13. By failing to make a contemporaneous objection at trial, Piercy is procedurally barred from challenging remarks made by the prosecution during closing argument. Crawford v. State, 716 *223 So.2d 1028, 1044(¶54) (Miss.1998) (citing Foster v. State, 689 So.2d 1268, 1289 (Miss.1994)). Notwithstanding the procedural bar, “attorneys are to be given wide latitude in making their closing arguments.” Wilcher v. State, 697 So.2d 1087, 1110(¶ 39) (Miss.1997) (citing Shook v. State, 552 So.2d 841, 851 (Miss.1989); Jimpson v. State, 532 So.2d 985, 991 (Miss.1988); Johnson v. State, 477 So.2d 196, 209 (Miss.1985)). “The circuit judge is in the best position to weigh the consequences of the objectionable argument, and unless serious and irreparable damage has been done, admonish the jury then and there to disregard the improper comment.” Johnson, 477 So.2d at 210. Although after the jury had already returned its verdict, the trial judge in this case did just that, and found that the comments by the prosecutor were not prejudicial to the extent that a mistrial was warranted. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.