348 So.2d 1011 (1977)
Thomas THORNE
v.
STATE of Mississippi.
No. 49784.
Supreme Court of Mississippi.
August 3, 1977.
As Modified on Denial of Rehearing August 24, 1977.
*1012 Charles R. Wilbanks, Corinth, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
SMITH, Justice, for the Court:
Thomas Thorne was convicted of armed robbery in the Circuit Court of Alcorn County and sentenced to ten years imprisonment. He has appealed, assigning several grounds for reversal.
It is undisputed that Thomas Thorne and one William Vann robbed Gibson's Pharmacy at Corinth of money and drugs. Upon their trial William Vann was convicted and a mistrial was ordered as to Thorne when the jury was unable to agree as to him. Thorne was retried and convicted. It is from that conviction and the ten year sentence imposed that he has appealed. At the time of Thorne's retrial Vann's appeal to this Court was pending.
In general there is no substantial dispute in the evidence. Vann and Thorne robbed Gibson's Pharmacy at gunpoint obtaining drugs and money. According to Thorne, Vann carried the pistol and Thorne aided in removing cash from the register. Testimony of a clerk that Thorne searched for a safe is disputed by Thorne. Before leaving Thorne cut the telephone wires. An officer dispatched to the scene observed a red Firebird automobile being driven in a reckless manner at a high rate of speed in the vicinity and gave chase. He was fired upon by an occupant of the automobile. Thorne testified that he drove the Firebird and that it was Vann who fired. A collision occurred between the Firebird and another vehicle and Vann and Thorne were found in the automobile with the cash and drugs. Also found was an automatic pistol with two cartridges remaining in the clip. Vann and Thorne were taken into custody and given the warnings required by Miranda.
Thorne does not deny participating in the robbery but asserts that he did so because he was coerced by Vann and feared for his life. Thorne said that Vann was a drug *1013 addict and had begun suffering withdrawal symptoms. He said that as Vann had pulled a pistol he, Thorne, felt that he had to "go along." According to Thorne, Vann had ordered him to stop at the pharmacy in Corinth. It was also contended by Thorne that he had deliberately driven the escape car into the other vehicle.
It is argued by Thorne on appeal that he was tried by a jury not constituted according to law. A special venire had been ordered and drawn and one Elton Cletus Malone had been seated on the jury. It developed that the wife of this juror, Mrs. Elton Cletus Malone, had been one of the prospective jurors named in the venire facias rather than her husband. Mr. Malone had been served by mistake and Mrs. Malone had not been served and was not present. This was not discovered until after the jury, including an alternate juror, had been accepted and empaneled. Thorne moved to quash the panel. The denial of this motion is said to have been prejudicial error.
When this matter was brought to the attention of the trial court the trial judge offered the defense an extra challenge as to Mr. Malone. This offer was rejected and accompanied by a motion for a new panel. The motion for a new panel was denied but the trial court, on its own motion, removed Mr. Malone and placed the alternate juror on the panel. It is now argued that the effect of the trial court's action was to dismiss Mrs. Malone from service without cause and that because Mrs. Malone was not in attendance, not having been served through an error, Thorne was not tendered the complete panel of twelve jurors. It is also asserted that the trial court erred in replacing Mr. Malone with the alternate juror.
The State answers that Thorne has not shown that any prejudice resulted because of what was done and, moreover, (1) there was no motion to compel the attendance of Mrs. Malone; (2) the trial court offered defendant an extra challenge to remove Mr. Malone which was declined and (3) the alternate juror, who was seated after Mr. Malone was removed by the trial court, had been accepted and approved both by the State and the defendant; (4) the jury selection statutes are directory and not mandatory; (5) and challenges to the array will not be sustained except where fraud is shown.
In support of his contention that the trial court's action was prejudicial and requires reversal, Thorne cites Boles v. State, 24 Miss. 445 (1852). However, in Hale v. State, 72 Miss. 140, 16 So. 387 (1894) this Court disposed of Boles as follows:
There was no error in the trial court's refusing, on defendant's application, to direct compulsory process for the special venireman, Brown, who had been duly summoned, and who was not in attendance. There was an intimation to that effect in Boles v. State, 24 Miss. 445, but that was upon consideration of a statute which required the jurors to be taken from the persons "thus summoned," unless the special venire should be exhausted before the jury is completed. Hutch. Code, § 1007. But that statute was amended, certainly, as early as 1857, and, as thus amended, it has been brought forward in all other subsequent codes. By the codes of 1857, 1871, 1880, and 1892 the jury is to be impaneled from those "summoned and in attendance" under the special venire, unless that shall have been exhausted without securing a jury, in which event resort shall be had to the regular panel, etc. The change in the law, which now requires the jury to be made up from the special veniremen "summoned and in attendance," completely vindicates the court's action in this particular. (72 Miss. at 146, 16 So. at 388).
The significant words "and in attendance" noted in Hale, supra, as distinguishing that case from Boles, have remained in the statute ever since. Mississippi Code Annotated section 13-5-77 (1972).
The State also calls attention to the provision in Mississippi Code Annotated section 13-5-87 (1972) which provides:
All the provisions of law in relation to the listing, drawing, summoning and impaneling *1014 juries are directory merely, and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn, and it shall have the power to perform all the duties devolving on the jury.
We are unable to discover any basis upon which it might be found that the actions of the trial court prejudiced Thorne in any way. On the contrary, the trial court acted logically and fairly and in excusing Mr. Malone on his own motion removed any reasonable ground for complaint by Thorne.
By writ of habeas corpus ad testificandum Thorne obtained the presence of his coindictee, William Vann, as a witness. At the time of the trial Vann's appeal to this Court seeking a reversal of his conviction was pending. When this circumstance was brought to the attention of the trial court by the State, it was suggested that Vann should have explained to him his Fifth Amendment rights in view of the possible reversal for retrial of his conviction. It is also suggested by the State that kidnapping and possibly other crimes might be involved because of Thorne's version of the robbery. Thereupon the trial court explained to Vann his right not to testify to facts tending to incriminate him. Vann was then placed on the stand by Thorne. After stating his name, that he had been convicted of the robbery previously and that his appeal from that conviction was pending, he was asked by defense counsel:
Q. Now, Mr. Vann, when this incident occurred, I want to ask you did you force, at gunpoint, Thomas Thorne, have a gun in your possession  force him to assist you in the robbery that occurred at Gibson's Discount store?
An objection to the leading nature of the question, was made and sustained, and leave granted to the defense to reframe the question. The following then occurred:
Q. Did you at any time threaten Thomas Thorne or use the gun that you had to threaten him in this robbery down there?
A. (By Vann) Do I have to answer that?
THE COURT:
Mr. Vann, I have previously advised you that if you testify here it's at your own choice. You have the right to testify or not testify as you so choose.
A. Well, I don't choose to answer that.
MR. WILBANKS: (For the Defense)
Q. You don't wish to answer the question?
A. No, sir.
Q. William, do you feel that the questions you might answer here having to do with your involvement might affect your appeal to the Supreme Court and a future trial?
A. That's what these people here told me.
MR. WILBANKS:
I don't believe we have any further questions.
THE COURT:
Any cross examination?
MR. GARDNER (For the State)
We have nothing.
It is Thorne's contention here that the action of the trial court in advising Vann of his Fifth Amendment right to refuse to testify was prejudicial error and requires reversal. Since the trial court was informed that Vann's conviction of the crime was then on appeal and consequently might be reversed and a new trial ordered, we have concluded that it was proper that Vann, before testifying, have his Fifth Amendment rights explained to him.
We are not confronted with a question as to whether it might have been an abuse of judicial discretion not to do so or the effect of a failure to so instruct the witness under the circumstances. In any event we do not consider that the action of the trial judge was an abuse of sound judicial discretion. Under the circumstances the trial court did not err in declining to force Vann to testify to facts which might incriminate him upon *1015 retrial of the case against him and Vann was within his own right in declining to so testify.
It is next complained that an instruction granted at the request of the State is the equivalent of an instruction condemned by this Court which is known as the "you do not have to know" instruction. Pryor v. State, 239 So.2d 911 (Miss. 1970). The instruction criticized is in the following language:
The State does not have to prove the charge beyond all possible doubt before a conviction can be had, but the State must prove the Defendant guilty beyond a reasonable doubt before you can convict.
We agree that the instruction is objectionable in attempting to emphasize the distinction between reasonable doubt, as used in the other instructions, and "all possible doubt" and should not have been given. However, it does not reach the prejudicial proportions of the "you do not have to know" instruction condemned in Pryor. The instruction is argumentative, and although it may be suggested that the argument is legally correct, such matters should be limited to the remarks of counsel, not embodied in instructions emanating from the court. Considered in the context of the numerous instructions given touching the State's burden, we have concluded that in this case substantial prejudice did not result to appellant from it.
Other matters assigned and argued have been examined and considered and do not constitute reversible error or require discussion.
AFFIRMED.
PATTERSON, C.J., INZER, P.J., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.