ROBERTSON, Justice,
for the Court:
John Daniel Kolb has been convicted of sexual battery and this Court has affirmed. Kolb v. State, 542 So.2d 265 (Miss.1987). Kolb now presents this post-conviction application for relief from the habitual offender portion of his sentence, a sentence of ten years imprisonment the Circuit Court imposed under the authority of Miss. Code Ann. § 99-19-81 (Supp.1986),[1] upon which Kolb is ineligible for parole or early release.
The question presented calls for interpretation of Section 99-19-81’s phrase “charges separately brought.” The Court below relied upon two prior burglary convictions Kolb had suffered in Lancaster County, Nebraska, and there can be no doubt that these two burglaries occurred on different dates and at different places, to wit:
1) On December 14, 1974, Kolb broke and entered a place of business known as Norman’s Interiors at 4435 0 Street in Lincoln, Nebraska, and
2) On January 26, 1975, Kolb broke and entered the State of Nebraska Historical Society at 1627 H Street in Lincoln, Nebraska.
These easily satisfy the statute’s requirement that the two prior convictions arise “out of separate incidents at different times.”
In today’s action, Kolb invokes the statute’s mandate that the charges must have been “separately brought.” He points to the fact that the two Nebraska burglary charges were presented against him as two *289 separate counts of a single information filed March 18, 1975, in the District Court for the Third Judicial District of Nebraska in and for Lancaster County, Nebraska. The record reflects that on November 18, 1975, Kolb entered a plea of guilty to each charge and was sentenced on each to “a term of from two (2) to four (4) years ... [with the] sentence imposed in Count II to run concurrent with the sentence imposed in Count I.”
No doubt had these two charges been presented in separate informations — in Mississippi such charges would have been brought in indictments — they would qualify as “charges separately brought” within Section 99-19-81. The question is what effect we should give to the fact that Nebraska elected to proceed against Kolb through separate counts of a single information.
Upon reflection we do not think Nebraska’s way of proceeding disqualifies the charges as having been “separately brought.” Unless there is something about Nebraska procedure which has not been called to our attention, the mere form of presenting two charges as separate counts of a single information (or indictment) in no way merges those charges except for the limited purpose of judicial economy and procedure. The prosecution is still required to prove each and every element of each charge the same as if each had been proceeded upon in a separate trial. For aught that appears, charges such as this which arise out of wholly separate occurrences at different times and places, quite likely would have been severed for trial had Kolb not entered pleas of guilty. Separation of these charges into separate counts rendered them sufficiently separate to satisfy Section 99-19-81’s mandate that they be “separately brought.”
We hold that nothing in the Nebraska process so fused the two burglary charges against Kolb so as to disqualify them as “charges separately brought” within our habitual offender statute. Kolb’s petition fails on its face.
PETITION DENIED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. § 99-19-81. Sentencing of habitual criminals to maximum term of imprisonment.
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to a maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.