# IN THE COURT OF APPEALS 03/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00148 COA

LARRY DEWAYNE HARPER

APPELLANT

 v.

 STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. LEE HOWARD

COURT FROM WHICH APPEALED: CLAY COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

THOMAS KESLER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES MARIS, JR.

DISTRICT ATTORNEY: FORREST ALLGOOD

NATURE OF THE CASE: SALE OF COCAINE

TRIAL COURT DISPOSITION: GUILTY OF SALE OF COCAINE AND SENTENCE TO SERVE 30 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER

MANDATE ISSUED: 8/29/97

EN BANC:

DIAZ, J., FOR THE COURT:

Larry Dewayne Harper (Harper) was convicted of the sale of cocaine in the Circuit Court of Clay County. He appeals the jury verdict raising the following issues: (1) the trial court erred in refusing to grant the Appellant a cautionary instruction as to the testimony of the informant, Dennis Dale; (2) the trial court erred in allowing drug agents to testify as to what they heard over a surveillance wire; and (3) the trial court erred in sentencing Harper as a habitual offender because the indictment failed to sufficiently set forth the prior convictions. We find the claims to be without merit and affirm.

## FACTS

On January 10, 1992, Dennis Dale (Dale), a confidential informant working with the Mississippi Bureau of Narcotics, attempted to purchase illegal narcotics from certain local dealers. The sting operation was to be carried out on Cottrell Street in West Point, Mississippi. Upon arriving at the pre-arranged destination, Dale was outfitted with a "body wire." This device was used to transmit conversations between Dale and the suspected dealer to the narcotics agents. Dale approached Larry Harper and proceeded to purchase four rocks of cocaine for $100.00. Although wearing a body wire to record the transactions, the recorder malfunctioned causing the recording to be lost. The officers, however, did overhear the conversations as they were occurring. Harper was subsequently arrested and indicted for sale of cocaine as a habitual offender.

## DISCUSSION

1. Did the Trial Court Err

in Refusing a Cautionary Instruction?

The Appellant argues that the trial court erred in refusing to grant Instruction D-3, an instruction to the jury informing them that Dale's testimony should be considered with care, caution, and suspicion. The State counters that Dale's testimony was not the only evidence linking Harper to the cocaine sale and, thus, the requested cautionary instruction was properly denied. Additionally, the State contends that that the granting of Instruction D-6 cured any possible defect.

The proposed jury instruction upon which Harper premises this assignment of error reads as follows:

> Instruction D-3

Testimony from a person appearing to be an informant, or cooperating individual, who is compensated in some way for making a drug purchase, or has some other financial or personal interest in the prosecution of the Defendant, may be considered by the Jury, but should be done so with great care, caution and suspicion. You are the sole judges of the weight and credibility of such testimony, and you may give it the credit you alone deem it is entitled.

The Mississippi Supreme Court has not pronounced a rule making it necessary for a trial court to grant a cautionary instruction concerning the testimony of an informant. The court has held that "[t]he credibility of a witness, even a convict witness, is for the jury." *Sudduth v. State*, 562 So. 2d 67, 70 (Miss. 1990). However, in *Carr v. State*, the court granted an instruction defining the weight and credibility to be given informant testimony. 655 So. 2d 824, 837 (Miss. 1995). As in *Carr*, the trial court in the case at bar granted defense instruction D-6 which reads as follows:

The Court instructs the Jury that if you believe that Dennis Dale, motivated by his own interest in avoiding conviction in his own criminal charges, or otherwise motivated or influenced, has fabricated or made up the evidence he offered against the Defendant in this case, and there is no other evidence to satisfy you of the Defendant's guilt beyond a reasonable doubt, then you should find the Defendant not guilty.

We find that this instruction sufficiently cautioned the jury as to any possible self-motivation behind Dale's testimony. Thus, it was not error for the trial court to deny instruction D-2.

2. Did the Trial Court Err in Allowing

Hearsay Testimony to Be Admitted?

Harper next contends that the testimony of officers Taylor and Grimes constitutes inadmissible hearsay and should not have been admitted by the trial court. Both officers testified as to communications they overheard via the body wire which Dale was wearing at the time of the transactions. Agent Taylor testified to statements he heard made by Dale and an unidentified male, believed to be the Appellant. Immediately following the drug buy, the officers drove their car into the area where Dale was standing and testified that Larry Harper was the man standing next to Dale when they arrived on the scene.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Miss. R. Evid. 801(c). The trial judge in this case ruled that the statements made by the officers were not hearsay. We agree. Although the testimony concerned out-of-court statements made by persons other than the officers, the statements were not introduced to prove the truth of the matter asserted. The testimony of officers Taylor and Grimes concerned statements they overheard from Dale and an unidentified male. The statements of Dale were offered solely for the purpose of showing the nature of the transaction and the fact that the statements were actually made. The truth of the statements is not being asserted here.

Officer Taylor also testifed as to statements made by the unidentifed individual believed to be Harper. The first statement of the unidentifed man was an inquiry as to what Dale wanted. The second statement was a response to Dale stating that he would give him four rocks for a hundred. Both statements were non-hearsay. The first statement was a question which cannot be construed to assert anything. The second statement was non-hearsay as an admission by a party opponent under Rule 801(d)(2). The trial judge found that the proper predicate was made to allow the statements into evidence. We agree. Although the officers could not identify the voice as Harper's, the additional evidence submitted to the jury was sufficient to conclude that the speaker was in fact Harper. This assignment of error is also without merit.

3. Was the Indictment Insufficient in that

it Failed to Sufficiently Set Forth Harper's Prior Convictions?

The Appellant's final issue challenges the sufficiency of his status as a habitual offender under Miss. Code Ann. § 99-19-81 (1972).

Specifically, Harper contends that his prior convictions were not "separately brought" as demanded by Section 99-19-81. The State counters that this issue was decided against the Appellant in the Mississippi Supreme Court case of *Kolb v. State,* 568 So. 2d 288 (Miss. 1990).

The indictment at issue reads, in pertinent part:

> AND FURTHER that the said LARRY DEWAYNE HARPER was previously convicted in the United States District Court, Northern District of Mississippi, in cause number CRE-85-65-S in Counts 5 and 7 for the crimes of being a convicted felon, received and possessed firearm which had previously been transported in interstate commerce; and sentenced on October 1, 1987 to serve a term of two years with the United States Bureau of Prisons; said sentences in counts 5 and 7 shall run concurrently with each other, but consecutive to the sentences hereto imposed on Counts 1, 2, 3, 4, and 6 for the sum total of twelve (12) years; . . .

The court below relied upon counts five and seven to establish Harper's habitual offender status. Count five reveals that on or about November 9, 1984, Harper received and possessed a firearm, that is RG, model 38, .38 calibur pistol, serial number X019441 in violation of 18 U.S.C. Section 1202(a) (a) Appendix II, and count seven reveals that on or about May 22, 1985, Harper received and possessed another firearm, an Arminus, .38 calibur revolver, serial number 589482 in violation of the same statute. These possessions occurred on two different dates and involved two different firearms. Thus, the indictment sufficiently set forth two separate prior convictions that arose out of separate incidents at separate times. Additionally, we find that there is no merit to the Appellant's argument that the charges were not "separately brought." As the Mississippi Supreme Court enunciated in *Kolb v. State*:

> The mere form of presenting two charges as separate counts of a single information (or indictment) in no way merges those charges except for the limited purpose of judicial economy and procedure. The prosecution is still required to prove each and every element of each charge the same as if each had been proceeded upon in a separate trial.

> Kolb, 568 So. 2d 288, 289 (Miss. 1990).

> Accordingly, this assignment of error is without merit.

**THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE TO SERVE 30 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CLAY COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**