766 So.2d 64 (2000)
Bobby Stanley KENNEDY a/k/a Stanley Kennedy, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00051-COA.
Court of Appeals of Mississippi.
August 15, 2000.
Gerald David Garner, Magee, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Bobby Stanley Kennedy has appealed his conviction for manslaughter. He presents one issue for consideration; namely, that the trial court erred in permitting *65 the prosecuting attorney to inquire of potential jurors during voir dire as to whether they understood that the State's burden to prove guilt beyond a reasonable doubt did not require the State to prove Kennedy guilty beyond all doubt or beyond any doubt. The State's attorney twice asked of the venire in almost identical language, "Does everybody understand that that's the burden, beyond a reasonable doubt, not all doubt or any doubt?" Kennedy objected at the time, but the trial court overruled the objection. Kennedy now argues that it was error to overrule his objection and that this was an improper attempt to offer potential jurors a definition of "reasonable doubt"a practice condemned in such cases as Thorne v. State, 348 So.2d 1011, 1013 (Miss.1977).
¶ 2. The State, in response, notes the distinction prior cases have drawn between attempts by the trial court to formally instruct the jury on the nature of reasonable doubtwhich the Mississippi Supreme Court has repeatedly condemned (see, e.g., Pittman v. State, 350 So.2d 67, 71 (Miss.1977); Klyce v. State, 78 Miss. 450, 28 So. 827, 828 (1900)), and discussion of the concept by counsel during voir dire or summation. The State points out that, not only does the case law not condemn such comments by counsel, it affirmatively condones the practice. In Thorne, the supreme court concluded that it was error for the trial court to grant an instruction that said, in part, that the State did "not have to prove the charge beyond all possible doubt before a conviction can be had...." Thorne, 348 So.2d at 1015. (Even then, the court found the error not to be so prejudicial as to warrant reversal. Id.) The court, in explaining its dissatisfaction with the instruction, conceded that it may have been legally correct. The court, thus, found the instruction objectionable, not because it misstated the law, but because it was argumentative and "such matters should be limited to the remarks of counsel...." Id. This distinction was recognized once again in Gillum v. State, a case that, as to this issue, bears remarkable parallels to the case now before us. Gillum v. State, 468 So.2d 856, 863-64 (Miss.1985).
¶ 3. Kennedy, in actuality, appears to be arguing that Thorne and Gillum were decided wrongly and it is equally as prejudicial to a defendant to have an attorney attempt to clarify for the jury the concept of reasonable doubt as it is for the trial court try to do so in its formal instructions. This Court, sitting as an intermediate appellate court, is obligated to follow precedent established by the Mississippi Supreme Court. Therefore, we decline any invitation to overrule the existing case law on the subject. That is a matter that could only be considered by the Mississippi Supreme Court after granting a writ of certiorari in this case.
¶ 4. Despite the impropriety of this Court ignoring existing precedent found in the published opinions of the Mississippi Supreme Court, it could conceivably be helpful for this Court, when faced with an argument that involves overruling existing precedent binding on us, to express our view as to its potential merit as an aid to the supreme court in ruling on a certiorari motion. In that light, we have considered the remarks by the attorney for the prosecution in this case, and we do not find them to be confusing, misleading, or otherwise prejudicial to Kennedy's prospect of a fair trial. Rather, they appear to be within the range of legitimate but vigorous advocacy an attorney should be expected to bring to an adversarial proceeding such as a criminal jury trial. On that basis, we conclude that the rule announced in such cases as Thorne and Gillum works no prejudice to a criminal defendant, and we do not think that a reconsideration of the case law by the Mississippi Supreme Court is warranted.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE *66 MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.