869 So.2d 410 (2003)
Braydon Cole STIGALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01615-COA.
Court of Appeals of Mississippi.
December 16, 2003.
Rehearing Denied March 30, 2004.
*411 James W. Kitchens, Jackson, Margaret P. Ellis, Pascagoula, Jeffrey Lynn Ellis, attorneys for appellant.
Office of the Attorney General, by W. Glenn Watts, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
THOMAS, J., for the Court.
¶ 1. Braydon Stigall was convicted of possession of at least 238 dosage units of Diazepam with intent to distribute and was sentenced to twenty years with the first ten to serve and the last ten on postrelease *412 supervision. Aggrieved, he asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN DENYING STIGALL'S CHALLENGE FOR CAUSE AS TO JUROR NUMBER TWO.
II. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO IMPERMISSIBLY DEFINE THE TERM REASONABLE DOUBT.
Finding no merit to either of these alleged errors, we affirm the conviction.

FACTS
¶ 2. After receiving an anonymous telephone call regarding drug activity at an address in Lincoln County, the Lincoln County Sheriff's Department sent several officers to the address. The officers knocked on the door, which was answered by Katy Reid. When Reid opened the door, the officers noticed the smell of marijuana coming from inside the apartment. Reid refused the officer's request for consent to search, and one investigator left to obtain a search warrant.
¶ 3. Upon returning with the warrant, the officers took Reid and Braydon Stigall into custody. During a thorough search at the Lincoln County Jail, a bag containing 238 dosage units of Diazepam was found in the underclothing of Katy Reid. No drugs were found on Stigall. Initially, Stigall told officers that the pills were his and not Reid's. After finding out that having the pills was a felony, Stigall denied ownership. After a Miranda warning, Stigall admitting to owning the pills and having purchased them for $50. Stigall told the officers that he was selling the pills at $.50 per pill.
¶ 4. During voir dire, juror number two stated that he tended to believe as true that which was told to him by his highway patrolman friends. This juror was questioned and specifically asked if he would tend to believe as true the testimony of the State witnesses that were to testify. The juror indicated that he would not. The trial court questioned the juror further and noted that no highway patrolmen were testifying, let alone any of the juror's personal friends. Stigall attempted to strike the juror for cause which the trial judge denied. Stigall then used one of his peremptory strikes to remove juror number two.
¶ 5. At trial, an officer testified to seeing Stigall's hand near Katy Reid's pants and zipper when they were on the couch in the apartment while waiting for the search warrant. Stigall's motion to suppress his written and verbal statements was denied by the trial court. Seven law enforcement officers and a crime laboratory expert testified along with Reid. Stigall put on one witness in his defense. At the conclusion of the trial, a jury found Stigall guilty of possession with intent to distribute.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING STIGALL'S CHALLENGE FOR CAUSE AS TO JUROR NUMBER TWO?
¶ 6. Stigall asserts that the trial court erred in denying his challenge for cause as to juror number two. Stigall believes that juror number two's statement that he would believe his highway patrolmen friends displayed that the juror was partial to law enforcement officers, and that Stigall should not have been forced to use one of his six peremptory challenges to remove juror number two. Stigall believes that the trial court's denial of his challenge denied his constitutional right to a trial by a fair and impartial jury.
*413 ¶ 7. "The circuit judge, as he must, has wide discretion in determining whether to excuse any prospective juror, including one challenged for cause." Scott v. Ball, 595 So.2d 848, 849 (Miss.1992). "The circuit judge has an absolute duty... to see that the jury selected to try any case is fair, impartial and competent." Id. at 850. In the case at bar, the trial judge questioned juror number two about any bias toward law enforcement. The trial judge asked the juror specifically if he would show a predisposition to believe any of the witnesses who were to testify in the case. A list of the law enforcement officers that were to testify was read to the juror, and the trial judge asked the juror if he would believe any of them just because of their position. The juror answered in the negative.
¶ 8. The record reflects that the trial judge did not err in failing to dismiss juror number two for cause. The record also reflects that juror number two was dismissed due to Stigall's use of a peremptory strike. The Mississippi Supreme Court has held that no reversible error results when the trial court fails to sustain a challenge for cause, and the juror at issue is ultimately excused with a peremptory challenge. Sewell v. State, 721 So.2d 129, 135(¶ 28) (Miss.1998) (citing Lester v. State, 692 So.2d 755, 790-93 (Miss.1997) (overruled on other grounds)). This issue is without merit.

II. DID THE TRIAL COURT ERR IN ALLOWING THE PROSECUTION TO DEFINE THE TERM REASONABLE DOUBT?
¶ 9. Stigall asserts that the trial court erred in allowing the State to define reasonable doubt both during voir dire and closing argument. There was no contemporaneous objection made to the prosecutor's statements, however. Failure to object to the argument at trial is fatal to his contention before this Court. Mack v. State, 650 So.2d 1289, 1320 (Miss.1994). Notwithstanding the procedural bar, we will examine Stigall's assertion of error.
¶ 10. Stigall cites Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (overruled on other grounds), in support of the proposition that it is error for a prosecutor to define reasonable doubt. In Cage, the court held that a jury instruction defining "reasonable doubt" in terms of "grave" or "substantial" uncertainty and as "moral certainty" violated the due process requirement that criminal convictions be based on proof beyond a reasonable doubt.
¶ 11. The record in the case at bar, however, is different. There is nothing to indicate that the prosecutor attempted to define reasonable doubt. The prosecutor even stated, "I cannot define the term reasonable doubt to you, because I'm prohibited by law." Instead, the prosecutor emphasized the word "reasonable" and compared "reasonable doubt" to "all doubt" and "a shadow of a doubt." The Mississippi Supreme Court has held that distinctions between "reasonable doubt," "all possible doubt," "beyond a shadow of a doubt," and the like, while, not properly the subject of jury instructions, are permissible during trial counsel's closing argument. Heidelberg v. State, 584 So.2d 393, 396 (Miss.1991). See also Gillum v. State, 468 So.2d 856 (Miss.1985); Thorne v. State, 348 So.2d 1011 (Miss.1977). In Thorne, the supreme court in regard to a jury instruction that compared "all possible doubt" to "reasonable doubt" held the instruction was objectionable and should not have been given, but that it did not reach the prejudicial proportions of the "you do not have to know" instruction condemned in Pryor v. State, 239 So.2d 911 (Miss. 1970). Thorne, 348 So.2d at *414 1015. Similarly, in the case at bar the prosecutor's statements, although possibly objectionable, did not rise to "prejudicial proportions." This issue is without merit.
¶ 12. As a final matter, we must address an issue not raised by either party. We review this under the provisions of Rule 103(d) of the Mississippi Rules of Evidence, also referred to as the plain error rule.
¶ 13. Stigall was sentenced to a term of twenty years with ten years in the custody of the Mississippi Department of Corrections and ten years' post-release supervision. By statute, the maximum amount of time a defendant may be placed under post-release supervision is five years. Miss.Code Ann. § 47-7-34 (Rev.2000). The imposition of a ten-year term is in clear violation of statute and we must reverse and remand to the trial court for the sole purpose of entering a correct order with respect to the post-release supervision portion of the sentence. Burnett v. State, 831 So.2d 1216, 1221 (¶¶ 20-21) (Miss.Ct.App.2002).
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF POSSESSION OF AT LEAST 238 DOSAGE UNITS OF DIAZEPAM WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $25,000 IS AFFIRMED. SENTENCE OF TEN YEARS' POST-RELEASE SUPERVISION, THE FIRST FIVE REPORTING AND THE LAST FIVE NON-REPORTING IS REVERSED AND REMANDED FOR ENTRY OF PROPER SENTENCING ORDER. COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.