# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00188-COA

**LAVERN JEFFREY MORAN A/K/A LAVERN J. MORAN**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.    Lavern Jeffrey Moran appeals from the denial of his petition for post-conviction relief. He argues that he should not have been sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). Under clear Mississippi Supreme Court precedent, Moran qualified as a habitual offender. Accordingly, we affirm.

### FACTS

¶2.    On May 18, 2015, Moran pled guilty to two counts of burglary of a dwelling and was sentenced to ten years on each count, with the sentences to run concurrently. The sentencing

order recited that Moran pled guilty "as a habitual offender," and the court found that his prior convictions met the requirements of section 99-19-81. The court ordered that Moran's "total" sentence of ten years "as a habitual offender" would "be served day for day in accordance with [section] 99-19-81 . . . , said sentence being without hope of parole or probation."[1]

¶3. Eleven days later, Moran filed a petition for post-conviction relief alleging that the court erred by sentencing him as a habitual offender. Moran's only argument in his petition and on appeal is that his prior felony convictions for robbery and uttering a forgery do not meet the requirements of section 99-19-81 because both convictions were entered on the same day, although the offenses were committed on different days and indicted separately.

¶4. Section 99-19-81 provides as follows:

Every person convicted in this state of a felony who shall have been convicted

---

[1] Although Moran's sentence provides that he shall not be eligible for parole or probation as a habitual offender, section 99-19-81 further required the circuit court to impose the maximum term of imprisonment for burglary of a dwelling, which is twenty-five years, not ten. Miss. Code Ann. § 97-17-23 (Rev. 2014); *Garner v. State*, 864 So. 2d 1005, 1008 (¶8) (Miss. Ct. App. 2004). The circuit court judge accepted the State's sentencing recommendation of concurrent terms of ten years, even while acknowledging that the recommended sentence did not comply with the law. *See Harris v. State*, 527 So. 2d 647, 651 (Miss. 1988) ("Sentencing under [section 99-19-81] is not discretionary. If a defendant is a repeat offender falling within the provisions of [section 99-19-81,] the trial judge has no alternative but to sentence him under said statute."); *Lamar v. State*, 983 So. 2d 364, 371 (¶27) (Miss. Ct. App. 2008) (Roberts, J., specially concurring) (Section 99-19-81 provides that a habitual offender "*shall be sentenced to the maximum term of imprisonment prescribed*" for his present offense, so "the circuit court [is] *required* to sentence [the defendant] to the maximum sentence for each of his convictions."). Thus, Moran's petition for post-conviction relief and appeal attack a sentence that is less than half the mandatory sentence that he should have received under the law.

twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶5. Moran argues that his predicate felonies were not "separately brought" within the meaning of the statute even though the offenses were committed on different days and indicted separately. Moran acknowledges that his argument is squarely foreclosed by Mississippi Supreme Court precedent. *See, e.g.*, *Kolb v. State*, 568 So. 2d 288, 289 (Miss. 1990) (holding that two prior convictions entered on the same day satisfied the statute because, even though the offenses were charged as separate counts of a single indictment, they were committed on different days and at different places); *Rushing v. State*, 461 So. 2d 710, 713 (Miss. 1984) ("In the case sub judice, though both of appellant's [prior] convictions occurred on the same day, they arose out of . . . separate incident[s] occurring at different times. Therefore, the trial court correctly sentenced the appellant under [section] 99-19-81."). But he argues that *Kolb* and *Rushing* "are very old," "are wrong," and should be overruled.

¶6. "This Court, sitting as an intermediate appellate court, is obligated to follow precedent established by the Mississippi Supreme Court." *Kennedy v. State*, 766 So. 2d 64, 65 (¶3) (Miss. Ct. App. 2000). "[W]e . . . do not have the authority to overrule a decision of our [S]upreme [C]ourt." *Miles v. State*, 864 So. 2d 963, 965-66 (¶8) (Miss. Ct. App. 2003).

3

Accordingly, we affirm the denial of Moran's petition for post-conviction relief.

**¶7.    THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**