# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01579-COA

**LARRY CHARLES CARTER A/K/A LARRY CHARLES CARTER IV A/K/A LARRY CARTER**                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2017 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/09/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     In July 2017, Larry Carter was convicted of shooting into a dwelling and being a felon in possession of a firearm. After a jury trial, Carter was sentenced to life imprisonment as a habitual offender. Aggrieved, Carter filed a motion for a new trial. Carter's motion was denied, and he timely appeals. After review of the record, we affirm.

## FACTS

¶2.     On October 5, 2016, around 2:30 or 3:00 a.m., Adrian Williams was awoken by the sound of several gunshots. She got out of bed and ran to her nine-year-old son's room, where

she discovered that he had been shot several times. The child was airlifted to the University of Mississippi Medical Center, where he recovered.

¶3. Minutes after the shooting, Officer Jeremy Goodin responded to a call about a young man requesting to see the police. Officer Goodin testified that once he arrived, he saw Carter with no shirt on and his hands in the air. Carter told him that he was the individual who shot into the apartment and wanted to turn himself in. Officer Goodin took Carter into custody and transported him to the police department. Officer Goodin further testified that while in transit Carter stated the basis of the shooting was a verbal confrontation between him and the man in the apartment. Once at the police department, Carter was further questioned, and he admitted again he was the individual who shot into the apartment. Carter also told investigators where to find a book-bag with the firearm used. The Canton Police Department recovered twenty-three shell casings from the scene, and a firearm analysis confirmed that the gun Carter led them to matched the shell casings found at the apartment.

¶4. In January 2017, Carter was indicted on a three-count indictment, charging him with shooting into a dwelling, being a felon in possession of a firearm, and felonious abuse of a child. The State dropped the charge for felonious abuse of a child and proceeded to trial on the other two counts.

¶5. After a jury trial, Carter was convicted of shooting into a dwelling and being a felon in possession of a firearm. After a bifurcated sentencing hearing, Carter was sentenced to life imprisonment as a habitual offender under Mississippi Code Annotated section 99-19-83

(Rev. 2015). Carter filed a motion for a new trial, the circuit court denied his motion, and

he timely appealed.

## STANDARD OF REVIEW

¶6.     "A motion for new trial challenges the weight of the evidence." *Ivy v. State*, 949 So.

2d 748, 753 (¶21) (Miss. 2007).  "A reversal is warranted only if the trial court abused its

discretion in denying a motion for new trial . . . .  [W]e will only disturb a verdict when it is

so contrary to the overwhelming weight of the evidence that to allow it to stand would

sanction an unconscionable injustice." *Id.*  (citations omitted).

## DISCUSSION

¶7.     Carter asserts that the State failed to prove his habitual offender status beyond a

reasonable doubt.[1]  Mississippi Code Annotated section 99-19-83 (Rev. 2015) states:

> Every person convicted in this state of a felony who shall have been convicted
> twice previously of any felony or federal crime upon charges separately
> brought and arising out of separate incidents at different times and who shall
> have been sentenced to and served separate terms of one (1) year or more,
> whether served concurrently or not, in any state and/or federal penal
> institution, whether in this state or elsewhere, and where any one (1) of such
> felonies shall have been a crime of violence, as defined by Section 97-3-2,
> shall be sentenced to life imprisonment, and such sentence shall not be reduced
> or suspended nor shall such person be eligible for parole, probation or any
> other form of early release from actual physical custody within the Department
> of Corrections.

¶8.     Carter's argument hinges on the statutory requirement that his two previous

---

[1] Success on this appeal will not overturn Carter's conviction but will only grant him
a new sentencing hearing.

3

convictions must be "charges separately brought and arising out of separate incidents at different times." He states that the two felony convictions the State relies on occurred on the same day, on the same street, and both arose from the same indictment, therefore, they cannot be "separately brought."

¶9. The Mississippi Supreme Court has held that two burglaries on the same night in adjacent locations could qualify as separate incidents for the purpose of habitual offender sentencing. *See Pittman v. State*, 570 So. 2d 1205 (Miss. 1990). The court stated that

> before such behavior should be labeled habitual, it would seem that the events should be sufficiently separate that the offender's criminal passions may have cooled so that he has time to reflect, and if after such an interval the individual forms and actualizes a new criminal design . . . . Conversely, two offenses committed in rapid succession do not suggest the same repetitiveness of criminal design such that the offender may be thought predictably habitual thereafter, or deserving of severe sanction.

*Id.*

¶10. Here, Carter had previously been convicted of two counts of burglary arising from one indictment. The burglaries occurred one after the other and the houses were located on the same street. After pleading guilty to both counts, Carter was sentenced to two ten-year sentences in the custody of the Mississippi Department of Corrections with one sentence for each count to run concurrently.

¶11. Despite the fact the charges were brought in a single indictment, we find that they are sufficient to support Carter's sentence enhancement as a habitual offender because there were two separate houses burglarized that resulted in two separate victims. We also find that

4

the time it took for Carter to travel from one house to the other was sufficient for his criminal passions to "cool." The Mississippi Supreme Court has held that "[s]eparation of these charges into separate counts rendered them sufficiently separate to satisfy Section 99-19-81's mandate that they be 'separately brought.'" *Kolb v. State*, 568 So. 2d 288, 289 (Miss. 1990). We extend this same analysis to Mississippi Code Annotated section 99-19-83.

## CONCLUSION

¶12. After review of the record and applicable case law, we affirm the circuit court's enhancement.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**